## ARAM PRIMM *et al.*

*v.*

## THE CITY OF BELLEVILLE *et al.*

1. TAXATION *for corporate purposes—application of the rule of uniformity—constitutionality of the charter of the city of Belleville.* The rule of equality and uniformity of taxation prescribed by the constitution must be applied, not only to the rate of taxation, and to the district to be taxed, but also to all the property subject to taxation.

2. The charter of the city of Belleville provides that the city council may lay off the city into districts for the construction of sewers, and levy and collect a special tax on the real estate within any district to be drained. The city council, by ordinance, undertook to exempt improvements on the real estate from such special tax: *Held,* the ordinance, in exempting improvements upon the real estate, was a violation of the charter. Fixed and permanent buildings upon land form a part of it, and should be estimated in assessing its value for purposes of taxation.

3. It was likewise beyond the constitutional power of the legislature to make the discrimination in favor of personal property. If the sewerage was proper, and the taxes assessed to effectuate it were for a corporate purpose, then they must be uniform as to persons and property. The burden must be imposed upon all the property within the limits to be taxed.

4. So, too, that portion of the charter which authorizes the tax to be levied in a particular district in the city is in violation of the constitution. The legislature can not clothe the corporate authorities of the municipality with power to assess and collect taxes from only a part of the municipality, for a corporate purpose. The corporate purpose must extend to the entire city, and in the apportionment of the tax to effectuate the purpose, the principle of equality and uniformity must be observed.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Mr. WILLIAM H. UNDERWOOD and Mr. MARSHALL W. WEIR, for the appellants.

Mr. N. NILES, for the appellees.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

Appellants filed a bill to enjoin the collection of certain taxes assessed against their real estate, and to remove certain judgments as clouds upon their title.

Sections 2 and 3 of Art. 8 of the charter of the city of Belleville authorized the city council to lay off the city into districts for the construction of sewers, and to levy and collect a special tax on the real estate within any district to be drained. (Private Laws of 1867, vol. 1, p. 551.)

Numerous objections have been urged to the decree of the circuit court, dissolving the injunction and dismissing the bill, but we propose to consider only the power of the council, and the constitutionality of the sections cited.

All the proceedings show, not a special assessment, but a tax; and the power of the legislature to enact the sections under consideration, confronts us at the threshold of the argument. In the record the amounts assessed are called taxes, and the act grants power to "levy and collect a special tax on the real estate within the district so drained," to be annually levied and collected as other city taxes.

Sections 2 and 5 of Art. 9 of the constitution of 1848, expressly provide that, all taxes shall be levied by valuation, so that every person and corporation shall pay a tax in proportion to the value of his or her property, and that all the property within the limits of municipal corporations shall be taxed for the payment of debts contracted under authority of law; that all taxes shall be uniform in respect to persons and property, within the jurisdiction of the body imposing the same, and that corporate authorities shall have power to assess and collect taxes for corporate purposes.

The bill alleges, and the answer admits, that the personal property of appellants, and all improvements upon the real estate, were exempt from the taxes sought to be enjoined.

Equality and uniformity of taxation have been repeatedly recognized and enforced by this court. They must be applied, not only to the rate of taxation, and to the district to be taxed, but also to all the property subject to taxation.

The ordinance, in exempting improvements upon the real estate, was a violation of the charter. Fixed and permanent buildings upon land form a part of it, and should be estimated

in assessing its value. *Fitch* v. *Pinckard*, 4 Scam. 70. A palatial residence upon a lot greatly enhances its value; and thus improved, it should bear a heavier burden of taxation than one with an humble and less costly building. The council had no right to make the discrimination, and exclude from taxation valuable and permanent improvements.

It was likewise beyond the constitutional power of the legislature to make the discrimination in favor of personal property. If the sewerage was proper, and the taxes assessed to effectuate it were for a corporate purpose, then they must be uniform as to persons and property. The burden must be imposed upon all the property within the limits to be taxed. Any other rule would utterly destroy the equality and uniformity contemplated by the constitution. With as much propriety and justice, the law might compel one-half of the real estate within the district to sustain the burden of the improvement.

The term "property," in the constitution, includes both real and personal estate, and the authority granted to levy taxes, for corporate purposes, upon one species of property, to the exclusion of another, transcends the limitation imposed upon the power of taxation.

The section of the charter under consideration empowers the city council to levy the taxes necessary for the purposes of drainage, upon real estate. This municipal corporation is the mere creature of the law, and can only exercise such powers as are conferred by the law-making power. The limitation of the power to tax real estate excludes the power to tax personal property, and we must hold the power granted in violation of the constitution. *Trustees* v. *McConnell*, 12 Ill. 138; *Hunsaker* v. *Wright*, 30 Ill. 147.

The authority conferred is, that the city council may levy the tax on a particular district in the city. This gives the power to the council to tax only a portion of the property in the city. If the tax is for a corporate purpose, it must be uniform, and co-extensive with the boundaries of the municipality. It must

be a burden upon all the property. It can be assessed and col-
lected for corporate purposes only.

It was held, in *Harward* v. *St. Clair Drain. Co.* 51 Ill. 130,
that sec. 5, Art. 9, was a limitation upon the power of the
legislature. It must therefore follow that the legislature can
not clothe the corporate authorities of the municipality with
power to assess and collect taxes from only a part of the
municipality, for a corporate purpose. The corporate purpose
must extend to the entire city, and in the apportionment of
the tax to effectuate the purpose, the principle of equality and
uniformity must be observed. *City of Chicago* v. *Larned,* 34
Ill. 203.

The decree of the court is reversed and the cause remanded,
with directions to make the injunction perpetual, and to grant
the relief prayed for.

*Decree reversed.*