THE PEOPLE *ex rel.* City of Danville *et al.* Appellees, *vs.* WILLIAM H. Fox, Town Collector, Appellant.

*Opinion filed December 21, 1910.*

1. CONSTITUTIONAL LAW—*classification of cities for legislation must be reasonable.* While the legislature may classify cities and enact laws applicable to such cities according to their classification, yet such classification cannot be arbitrary but must be based upon reasonable differences in circumstances or conditions that will justify it.

2. SAME—*provision of the statute requiring all road and bridge taxes collected upon property in city to be paid to city is invalid.* The third proviso to section 16 of the Roads and Bridges act, as amended in 1909, (Laws of 1909, p. 332,) providing that in cities of 20,000 inhabitants all of the road and bridge taxes required to be levied under sections 13 and 14 of the Roads and Bridges act within the limits of the city shall be paid over to the treasurer of such city for city purposes, is unconstitutional, as granting a special privilege to such cities, based upon a mere arbitrary classification. (*Peoria and Pekin Union Railway Co.* v. *People,* 144 Ill. 458, and 232 id. 540, distinguished.)

3. SAME—*classification cannot be based upon the mere fact that municipality is organized as a city.* The mere fact that a municipality has adopted the form of government provided for cities affords no reasonable basis for conferring upon it benefits and privileges withheld from villages of equal population, and differing from cities only in that they have not incorporated as cities.

4. TAXES—*additional road tax levied for contingency cannot be diverted from its purpose.* The additional road tax levied by highway commissioners under section 14 of the Roads and Bridges act is limited to a contingency arising in the township outside of the limits of a city and to the amount necessitated by the contingency,

and to require such portion of the additional tax as is levied and collected upon property within the limits of the city to be paid over to the city for its own use would be a diversion of the tax from the purpose for which it was levied.

APPEAL from the Circuit Court of Vermilion county; the Hon. W. B. SCHOLFIELD, Judge, presiding.

REARICK & MEEKS, for appellant.

J. B. MANN, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

The People, on the relation of the city of Danville and John F. Ridge, treasurer of said city, filed a petition in the circuit court of Vermilion county, at the May term, 1910, for a writ of *mandamus* directed to William H. Fox, collector for the town of Danville, commanding him to pay over to the said John F. Ridge, for the use of said city, the sum of $16,402.89, which was collected by him on account of taxes levied in the year 1909 for road and bridge purposes on property situated within the corporate limits of said city of Danville, said sum being the balance in his hands after deducting his commission or fees for collecting the same. The petition alleges that the commissioners of highways of the town of Danville, in September, 1909, levied under section 13 of the Road and Bridge act a tax of thirty-six cents on the $100 for road and bridge purposes on all taxable property in said town, and under section 14 of said act a tax of twenty-five cents on the $100 to meet certain contingencies specified in the levy which existed in said town outside the limits of the city of Danville. The petition alleges that there has been collected on account of the levy under section 13 of said act the sum of $19,360.78 and on account of the levy under section 14 the sum of $13,445, out of which sums collected the said collector has paid to the city $16,402.89; that there is still in

the hands of said collector the sum of $16,402.89, which he refuses to pay over to said city treasurer. The petition further alleges that pursuant to an ordinance passed by the city council in 1907 a census of the city of Danville was taken which showed the number of inhabitants to be 29,485, and that on July 1, 1909, the city contained more than 20,000 inhabitants. The defendant demurred to the petition. The court overruled the demurrer, and, defendant electing to stand by his demurrer, judgment was rendered and the writ ordered to issue. The case has been brought to this court by appeal.

The question presented by this record is, is the city of Danville entitled to all of the road and bridge taxes levied and collected upon property within the corporate limits of the city under both sections 13 and 14 of the Road and Bridge act? The first proviso of section 16 of said act requires one-half of the tax collected for road and bridge purposes under sections 13 and 14 on property lying within an incorporated village, town or city in which the streets are under the care of the corporation shall be paid to the treasurer of said village, town or city, to be appropriated to the improvement of roads, streets and bridges, either within or without the village, town or city and within the township, under direction of the corporate authorities of such village, town or city. The third proviso requires all taxes levied and collected for road and bridge purposes under sections 13 and 14 on property within the limits of cities of 20,000 inhabitants or upwards shall be paid over to the treasurer of said city for city purposes. The tax authorized to be levied under section 13 is a tax for road and bridge purposes and for the payment of any outstanding orders, and cannot exceed thirty-six cents on each $100. The tax authorized under section 14 is a sum in addition to that authorized under section 13 in view of some contingency, and cannot exceed twenty-five cents on the $100. The maximum levy under both sections was made in this

case. The levy under section 14 was made on account of contingencies outside the city limits of the city of Danville.

Counsel have in their brief and argument attacked the constitutionality of both the first and third provisos to section 16 referred to, but the only question involved here is the right of the city of Danville to all of the road and bridge tax levied and collected upon property within the city limits because its population exceeds 20,000. Its right to one-half of the tax collected is not involved, for it appears from the averments of the petition that one-half of said tax has already been paid to and received by the city treasurer of said city. That amount it was entitled to if the first proviso of section 16 is valid, and that is all it was entitled to under that proviso. The city having received all it could claim under said proviso, is not by the petition in this case seeking to enforce any rights thereunder, but it is attempting to compel the payment to it of the other half of said tax under the third proviso to section 16. If the classification therein made cannot be sustained, then the city of Danville has already received all it could be entitled to under the first proviso to section 16. If the third proviso to said section 16 is invalid for any reason, the city was not entitled to the money it was seeking to obtain, and in that event the demurrer should have been sustained.

The constitutionality of said third proviso has never been directly presented to this court for determination. In *Peoria and Pekin Union Railway Co.* v. *People,* 144 Ill. 458, the validity of the third proviso to section 16 was not involved. That case arose upon an objection by the railway company to judgment for the road and bridge tax levied under section 13 in the town of Peoria, which includes the city of Peoria, and it was contended that the law authorizing the levy by the commissioners of a road and bridge tax upon property within the limits of an incorporated city was invalid. The tax levied had not been collected and the validity of the third proviso to section 16

was not directly raised. It was contended by the railway
company that the law attempted to confer power upon the
highway commissioners to levy a tax for city purposes.
The contention was not sustained, and the court, in discuss-
ing the question, referred to the provisos of section 16 as
to what was to be done with the tax when collected under
both sections 13 and 14. The first proviso to section 16
was the same then as it is now, and the third proviso dif-
fered from the present proviso only in that the population
of cities to which all the tax was required to be paid was
fixed at 35,000 instead of 20,000. The court did not at-
tempt to pass upon the validity of the third proviso, but,
answering the contentions of the railway company, said, as
the city of Peoria had over 35,000 population, all the road
and bridge tax collected in the city "would be controlled by
the last proviso of section 16, if valid." That case, there-
fore, is not, and was not intended to be, an adjudication of
the validity of the third proviso to section 16. Objections
by the same railway to a tax levied under sections 13 and
14 were considered by this court in *People* v. *Peoria and
Pekin Union Railway Co.* 232 Ill. 540, and it was there
held that the commissioners of highways have no authority
to levy a tax for a contingency occurring in an incorporated
city or village; that such tax is authorized to be levied upon
property within the limits of a city or village, but the com-
missioners cannot levy a greater amount on account of a
contingency than is necessitated by the emergency, and in
levying such tax only such contingencies as exist outside
the corporate limits of cities and villages can be considered
by the commissioners. Section 14 was held valid but the
validity of the proviso to section 16 was not considered
or determined. The court said (p. 552) : "The question
whether or not the legislature may properly require the
money raised for such purpose within the city, to be paid,
in whole or in part, into the treasury of that city, is not
presented by this record. Whether the last proviso of sec-

tion 16, *supra,* can be enforced with reference to a tax levied to meet a contingency arising outside the city we do not now determine." As the validity of the third proviso to section 16 has not heretofore been passed upon by this court it is open for our consideration in this case and it is here directly raised.

It is insisted that the proviso for the payment of all of said tax only to cities of 20,000 population or upward is unconstitutional as class legislation, and that it violates the constitutional prohibition against the passage of any local or special law granting to any corporation, association or individual any special or exclusive privilege or immunity. In our opinion the objection is well taken. We are unable to see any reasonable basis for the classification made by said proviso. The legislature may classify cities and enact laws applicable to such cities according to their classification, but the classification cannot be an arbitrary one. There must be some reason for the classification, based upon differences in circumstances or condition that will justify it. What reason, within the meaning of the rule, can there be for directing that where a city has 20,000 inhabitants or upwards all the tax levied and collected under sections 13 and 14 shall be paid into its treasury for city purposes, but as to cities having a population of 19,900, or any number less than 20,000, only one-half of said tax shall be paid to the city treasurer, and that to be appropriated to the improvement of roads, streets and bridges either within or without the city, village or town and within the township, under the direction of the corporate authorities of the village, town or city? It seems plain the classification is arbitrary and is based upon no reasonable difference between cities sought to be favored and cities denied the benefits of the provision. Again, it is an unauthorized discrimination in favor of cities against villages and towns having an equal or greater population. An incorporated village or town which has attained a population of 20,000 or upwards is

charged with the burden of maintaining its streets, alleys and bridges just the same as a city that has attained that population, and if the legislature has authority to grant a city the right to receive and control the expenditure of all the tax levied and collected under sections 13 and 14 on property within its limits, we see no reason why the same privilege should not be granted a village or town under like circumstances and similarly situated.

While, as we have said, it is competent for the legislature to classify cities for governmental purposes and to enact laws applicable to such class, this authority is not absolute but is subject to constitutional restrictions. "There must be some reasonable relation between the situation of municipalities classified and the purposes and objects to be attained. There must be something, in the nature of things, which in some reasonable degree accounts for the division into classes." (*People* v. *Knopf*, 183 Ill. 410.) Unless there be some substantial reason, based upon differences in circumstances or conditions, which will justify the classification, the exclusion of villages and towns from the benefits to be derived from the control of the expenditure of all the tax collected under sections 13 and 14 is a grant of a special privilege to the cities included within the class and is in violation of section 22 of article 4 of the constitution, which prohibits the passage of local or special laws granting to any corporation, association or individual any special or exclusive privilege or immunity. That villages and towns may avail themselves of the benefits of said third proviso by becoming cities is no answer to the objection that it confers special privileges upon cities which are denied to other municipal corporations similarly situated. The fact that a municipality has adopted the form of government provided for cities affords no reasonable basis for conferring upon it benefits and privileges withheld from villages of equal population, and differing from cities only in that they have not thought proper or desirable to incor-

porate as cities. This is not in conflict with the rule announced in cases sustaining acts of the legislature which are to apply only to municipalities adopting them.

There is another reason in this case which will not arise in all cases but will in many, that we think requires the proviso to be held invalid. The city of Danville is situated partly in Danville township and partly in Newell township. The tax the city is attempting to obtain was levied by the commissioners of highways of Danville township and for the purpose of meeting expenses required by contingencies that had occurred in said township outside the city limits. No authority exists for the commissioners levying a greater sum under section 14 than is necessitated by the contingency. (*People* v. *Peoria and Pekin Union Railway Co. supra.*) Upon what principle, then, may the legislature, after authorizing the levy and limiting it to the amount necessitated by the emergency, direct a diversion of a part of it from the purposes for which it was levied, by authorizing its expenditure for some other purpose? If that may be done, then in this case a large sum of money levied to meet contingencies may be appropriated to and expended for entirely different purposes, and part or all of it may be expended on roads, streets and bridges in that part of the city of Danville lying in Newell township. It needs no argument to show that the legislature never intended such results, but if it did, it had no constitutional power to enact laws to produce such results.

In our opinion proviso 3 of section 16 is unconstitutional and void and the court erred in not sustaining the demurrer to the petition. The judgment is therefore reversed and the cause remanded to the circuit court, with directions to sustain the demurrer and dismiss the petition.

*Reversed and remanded, with directions.*