(No. 11946.—Judgment affirmed.)

THE PEOPLE *ex rel.* Henry Hoeinghaus *et al.* Appellants, *vs.* C. A. CAMPBELL *et al.* Appellees.

*Opinion filed December 18, 1918.*

1. QUO WARRANTO—*the statute authorizes judgment for costs against the relators.* Under section 6 of the Quo Warranto act, if the judgment is in favor of the defendants to an information in the nature of *quo warranto* to oust them from the offices of mayor, aldermen, city treasurer and city clerk, the court is authorized to give judgment for costs against the relators.

2. CONSTITUTIONAL LAW—*section 57 of the act concerning the commission form of government is invalid.* Section 57 of the act concerning the commission form of government, which requires any town, village or city having a special charter, or any area of contiguous territory, not exceeding two square miles, which shall have a population of at least 300 people, and which is not included in the limits of any incorporated town, city or village, to vote on the question of adopting the commission form of government at the same time it votes on the question of organizing as a village or city, is based on an arbitrary classification and is in violation of section 22 of article 4 of the constitution.

3. SAME—*what is implied in prohibition of local laws for organizing cities, towns or villages.* The constitutional prohibition of local or special laws for incorporating cities, towns or villages implies that the benefit of any law for that purpose shall be available upon the same conditions to all persons in the same situation, and that the requirements of the law for persons in one locality shall not be different from the requirements for persons similarly situated in another locality.

4. SAME—*what is necessary to make a law general.* To be general a law need not operate on all individuals in the State but it is necessary that it operate uniformly upon all persons in the same situation, and if it does not bring within its provisions all persons and subject matter in substantially the same situation it is a local or special law.

CARTWRIGHT, CARTER and STONE, JJ., dissenting.

APPEAL from the Circuit Court of Washington county; the Hon. J. F. GILLHAM, Judge, presiding.

H. H. House, State's Attorney, O. G. Maxwell, and J. A. Watts, for appellants.

Frank F. Noleman, Charles F. Dew, and June C. Smith, for appellees.

Mr. Justice Dunn delivered the opinion of the court:

The State's attorney of Washington county, on the relation of Henry Hoeinghaus and Homer Fitzpatrick, filed in the circuit court an information in the nature of *quo warranto* charging C. A. Campbell and others, the appellees, with unlawfully usurping the offices of mayor, aldermen, treasurer and clerk of the purported city of Wamac and calling upon them to show by what warrant they exercised those offices. The respondents filed a plea setting forth an election on June 3, 1913, and other proceedings, whereby the village of Wamac became legally organized under the Cities and Villages act. The plea then alleged an election held on June 25, 1916, and other proceedings, whereby the village of Wamac became organized as a city under the general law, and alleged that at the regular election on the third Tuesday in April, 1917, the respondents were elected to the various city offices held by them and by that warrant have ever since exercised such offices and still do so. A replication to this plea averred that at none of the elections mentioned was there submitted to the voters the proposition to adopt the commission form of municipal government, as required by section 57 of the act authorizing such form of government. A demurrer was sustained to the replication, and the relators electing to stand by their replication, a judgment was rendered dismissing the information, and the relators have appealed.

No question is made as to the formal regularity of the proceedings for the incorporation of the village of Wamac or for the change of organization from that of a village to that of a city. The only claim in that regard is that the

law required a vote on adopting the commission form of municipal government at the same time as the vote upon organizing as a village, and the failure to vote on the former question made the election invalid.

Section 57 of the Commission Form of Government act (Hurd's Stat. 1917, p. 370,) is as follows:

"Sec. 57. Any town or village or city having a special charter or any area of contiguous territory not exceeding two square miles, which shall have resident thereon a population of at least 300 inhabitants and which is not included in the limits of any incorporated town, village or city which may take steps to organize as a village or city under the act to which this is an amendment, in addition to voting upon said proposition to so organize, shall also vote at the same election upon the question of adopting this act and shall have printed on the same ballot a proposition in the following form:

| Shall the city (or village, as the case may be) of (here insert the name of such city or village) adopt the commission form of municipal government? | Yes | |
|---|---|---|
| | No | |

"Such proposition shall be voted upon in the manner as near as may be provided by section 16 of an act entitled, 'An act to provide for the printing and distribution of ballots at public expense and for the nomination of candidates for public offices, to regulate the manner of holding elections, and to enforce the secrecy of the ballot, approved June 22, 1891, in force July 1, 1891.' And if such last named proposition is adopted by a majority vote of such municipality or territory also votes to organize as a city or village under the general law, then this act shall apply to such city or village and it shall be deemed to be organized under this law or otherwise not."

While the requirement in this section of the submission of the questions both of organization and form of govern-

ment at the same time and on the same ballot is imperative, the appellees insist that it is ineffectual because the section violates section 22 of article 4 of the constitution, in that it is a local or special law for incorporating cities, towns or villages and granting special privileges.

The Cities and Villages act, since the addition to it in 1910 of article 13, provides two distinct forms of municipal government for cities and villages, the one being that existing before the addition of article 13, in which authority is vested in the mayor and a council composed of aldermen and is exercised in accordance with the provisions of the original act; the other being the form provided in article 13, in which authority is vested in a mayor and four commissioners nominated and elected in a different method, having different terms of office, exercising their powers under different restrictions and in different ways from those of the other form. Any city or village organized under the general law, having a population not exceeding 200,000, may adopt the commission form of government, but no other city or village may do so. A city or village having a special charter can adopt the commission form of government only by organizing under the general law.

The Cities and Villages act provides in article 1 for the incorporation of cities under the following conditions: (1) Any city; (2) any incorporated town or village; or (3) any contiguous territory not exceeding four square miles, having a population of not less than 1000 and not included within any incorporated town or city, may become incorporated as a city. Article 11 authorizes the organization of villages under the following conditions: (1) Any town incorporated under any general or special law; (2) any contiguous territory not exceeding two square miles, having a population not less than 300 and not included in any incorporated town, village or city; (3) any city; or (4) any part of any village or incorporated town lying upon the border thereof, and having a population of not less than

300, may become organized as a village. In every case the question must be submitted to the legal voters of the territory involved at an election.

The constitutional prohibition of local or special laws for incorporating cities, towns or villages implies that the benefit of any law for that purpose shall be available upon the same conditions to all persons in the same situation; that the requirements of the law for persons in one locality shall not be different from the requirements for persons similarly situated in another locality. A general law need not operate on all the individuals in the State but it is necessary to its validity that it operate uniformly upon all persons in the same situation, and if it does not bring within its provisions all persons and subject matter in substantially the same situation it is a local or special law. *People v. Cooper,* 83 Ill. 585; *Hawthorn* v. *People,* 109 id. 302; *Lippman* v. *People,* 175 id. 101; *People* v. *Martin,* 178 id. 611.

The provisions of section 57 apply to only two cases: (1) Any town, village or city having a special charter; and (2) any contiguous territory not exceeding two square miles, having a population of at least 300, not included in the limits of any incorporated town, village or city. In each of these cases the election must, in accordance with the provisions of the general law for the incorporation of cities and villages, be called by the corporate authorities or the county judge upon the petition of a certain number of legal voters. The Commission Form of Government act may be adopted by any city or village organized under the general law having a population not exceeding 200,000. It is equally applicable to villages of 300, cities of 1000, and cities and villages of 1000 or more in population. Any contiguous territory not exceeding two square miles, with a population of 300, may petition for an election upon the question of organizing as a village under the general law and may at that election also vote upon the adoption of the

285 — 36

commission form of municipal government. If another precisely similar territory, or the same territory, should petition for an election upon the question of organizing as a city under the general law, there could be no vote upon the adoption of the commission form of municipal government because the law does not authorize it. Thus, of two portions of territory differing only in population, one would have the privilege of organizing as a village and adopting the commission form of government at a single election, while the other would not have the privilege of organizing as a city and adopting the commission form of government at a single election but must first have an election upon the question of organization, and another election, after organization, upon the adoption of the commission form of government. The fact of the difference in population or the difference in organization as a city or a village is not a sufficient basis for a difference making the adoption of the commission form of government more difficult and burdensome for the territory having the larger population desiring to organize as a city than for the territory having the smaller population desiring to organize as a village, for under the law difference in population or difference in organization does not affect the right to adopt the commission form of government. All cities and villages have the right to adopt the commission form of government, and the constitution requires that the conditions for its adoption should be the same for all. Such differences, therefore, form no rational basis for the difference in the facility of organization.

The general law for the incorporation of cities and villages declares that each qualified voter shall have the right to cast a ballot at the election with the words thereon, "For village organization under the general law" or "Against village organization under the general law" or "City organization," as the case may be. Such election is not subject to the provisions of the act "to provide for the printing

and distribution of ballots at public expense," etc., approved
June 22, 1891. (*Village of East Springfield* v. *City of
Springfield*, 238 Ill. 534; *People* v. *Marquiss*, 192 id. 377;
*Village of Ridgway* v. *Gallatin County*, 181 id. 521.) Un-
der section 57, however, the election to organize unorgan-
ized territory as a village must be in the manner provided
by this act, for it is expressly stated that the proposition
for the adoption of the commission form of government
shall be voted upon in that manner and shall be printed
upon the same ballot as the proposition for organization,
while an election to organize the same or other territory in
the same situation as a city would not be conducted under
the Ballot law.

The fact that a municipality has adopted the form of
city government affords no reasonable basis for conferring
upon or withholding from it benefits or privileges different
from those enjoyed by villages of like population. (*Peo-
ple* v. *Fox*, 247 Ill. 402.) A classification of municipali-
ties cannot be adopted arbitrarily upon a ground which has
no foundation in differences of situation or circumstances.
"There must be some reasonable relation between the situ-
ation of municipalities classified and the purposes and ob-
jects to be attained. There must be something, in the
nature of things, which in some reasonable degree accounts
for the division into classes." (*People* v. *Knopf*, 183 Ill.
410.) The exclusion of the inhabitants of an area of ter-
ritory who desire to organize a municipality from the right
to adopt the commission form of government while grant-
ing that right to the same number of inhabitants of a like
area who also desire to organize a municipality, merely be-
cause the former wish to organize as a city and the latter
as a village, is an arbitrary discrimination, because the dif-
ference between city and village organization has no rela-
tion to the commission form of government.

In creating substantial differences in the right to organ-
ize territory into cities or villages and determine their form

of government where no substantial difference exists in the territory and in the manner in which such organization may be adopted section 57 violates section 22 of article 4 of the constitution, and the election which was held without a compliance with its provisions was not for that reason invalid.

The appellants contend that the court erred in rendering judgment for costs against them. Section 6 of the Quo Warranto act authorizes a judgment for costs against the relators whenever judgment is given for the defendant.

The judgment is affirmed.     *Judgment affirmed.*

CARTWRIGHT, CARTER and STONE, JJ., dissenting.