(No. 23255.—

THE PEOPLE *ex rel.* Louise T. Clarke *et al.* Appellants, *vs.*
EDMUND K. JARECKI, County Judge, *et al.* Appellees.

*Opinion filed April 17, 1936.*

ALTHEIMER, MAYER, WOODS & SMITH, and WILLIAM
F. STRUCKMANN, for appellants.

THOMAS J. COURTNEY, State's Attorney, (HAYDEN N.
BELL, JACOB SHAMBERG, and WILLIAM P. KEARNEY, of
counsel,) for appellees.

Mr. Justice Farthing delivered the opinion of the court:

The appellants, Louise T. Clarke and Irene T. Bruns, presented a delinquent real estate tax agreement to appellee Jarecki, judge of the county court of Cook county, which they requested him to approve pursuant to "An act in relation to the payment in installments of unpaid, forfeited or delinquent taxes on real estate situated in counties containing 500,000 or more inhabitants, and to provide for enforcement of such payment," in force July 19, 1935. (Laws of 1935, p. 1168.) The judge refused either to approve or to disapprove the agreement, on the ground that the statute was unconstitutional and void. Thereupon the appellants obtained leave to file, and filed in the circuit court of Cook county, a petition for *mandamus* to compel the judge to pass upon the proffered agreement. The appellees filed their motion to strike the petition on the ground that the act was unconstitutional. This is a direct appeal from the order allowing the appellees' motion and the judgment of the circuit court dismissing the appellants' petition.

In substance the act provides in the first section that when real estate shall have been declared forfeited or delinquent for non-payment of general taxes for the year 1932 or any prior years these taxes may be paid in seven annual installments, beginning on August 1, 1935; that the county collector, with the approval of the county court, shall enter into a written agreement with the owner or person interested in the real estate for the payment of such installments, and this section requires that the agreement shall provide that "all interest, forfeitures, delinquencies and penalties against said real estate, as well as all costs, except those costs arising from the forfeiture (including all publication charges,) shall be waived, and in lieu thereof, the tax-payer shall pay interest upon the principal of said

taxes at the rate of six per cent per annum from the date of the going into effect of this act and until the several installments are paid in full: *Provided, however,* that the liability of the person executing said agreement with the county collector shall not be considered a personal liability, but shall attach only to the real estate covered by said agreement." Section 2 provides that when such an agreement is entered into, such forfeited real property "shall not be deemed delinquent as provided in section 177 of the Revenue act, until the several installments are due and payable respectively as provided in said agreement." This section also provides for the recording of the agreement. Section 3 provides that when all taxes due under the agreement are paid, the county collector shall cancel it and give the tax-payer a tax receipt in full. Section 4 furnishes the form of agreement, which includes the clause, "This agreement must be approved by the county court." Section 5 provides that if a default be made in payment of any installment and the default continues for six months, or if default be made in payment of current or general taxes and the property be forfeited or sold to pay current taxes, "the said property shall not be entitled to the benefits of this act, and said property shall be subject to the provisions of 'An act for the assessment of property and for the levy and collection of taxes,' approved March 30, 1872," etc. Section 6 provides that if the tax-payer fails to pay the current taxes in each of the seven succeeding years he shall not receive the benefits of the act and amounts previously paid shall be credited to the past due taxes, and in that event the county collector shall accept no further installments, and *"provided, however,* that nothing in this section contained shall deprive any tax-payer of the right to avail himself of any rights or privileges set forth in section 191 of 'An act for the assessment of property and for the levy and collection of taxes,' approved March 30, 1872, as amended."

The appellees contend that the act contravenes section 22 of article 4 of our State constitution, which prohibits the legislature from enacting local or special laws remitting fines, penalties and forfeitures. The appellants contend that section 22 of article 4 deals only with punishments by fines, penalties and forfeitures for criminal offenses, and that the act is general.

The appellants rely on a rule of construction that words must be given the same meaning wherever used in the same document unless the context does not permit, and say that the meaning established by the use of the words "penalties" and "forfeiture" in section 11 of article 2 of the constitution, where it is provided that all penalties shall be proportioned to the nature of the offense and no conviction shall work corruption of blood or forfeiture of estate, etc., requires that the words "penalties" and "forfeitures" must be given the same meaning and be held to relate only to punishment for crimes when these words are used again in section 22 of article 4.

The appellees point out that in section 2 of the schedule of the constitution of 1870 it is provided "that all fines, taxes, penalties and forfeitures, due and owing to the State of Illinois under the present constitution and laws, shall inure to the use of the People of the State of Illinois, under this constitution," and that if the appellants' argument is carried to its logical conclusion, "taxes" would have to be construed to be punitive in their nature, for the reason that words other than the word "taxes" are used elsewhere in the constitution with reference only to punishment for crimes.

The word "forfeitures," in section 22 of article 4, can not be limited to criminal offenses, since section 11 of article 2 prohibits the forfeiture of estates for criminal offenses. "Forfeiture," as there used, must be civil in its meaning, and by the rule of *ejusdem generis* it follows that the "penalties" there mentioned must also mean pen-

alties of a civil nature. In *People* v. *Peacock,* 98 Ill. 172, we held that the one per cent per month interest charge provided by section 177 of the Revenue act of 1872 as amended is not, strictly speaking, interest but is a penalty. Section 22 of article 4 prohibits the remitting of such penalties as are covered by the act before us except by a general law.

The remaining question involved in this point is whether this act is general, or special and local. We take judicial notice that Cook county alone has a population of 500,000, and that the second county in size in this State (St. Clair) has less than 158,000 inhabitants. The leading decision on the question as to whether such an act as this is local and special is the case of *Devine* v. *Cook County Comrs.* 84 Ill. 590, in which we held the statute there involved to be invalid. That act permitted the issuance of bonds for the erection of a court house in a county of over 100,000 inhabitants. We there said: "No express words that could have been used by the General Assembly could limit the operation of this law to the county of Cook more absolutely and definitely than those employed." We also said: "Designating counties as a class according to a minimum population, which makes it absolutely certain but one county in the State can avail of the benefits of a law applicable to such class, cannot but be regarded as a mere device to evade the constitutional provisions forbidding special legislation." In *People* v. *Knopf,* 183 Ill. 410, the statute involved attempted to place certain limits on the taxing power of municipalities in counties of over 125,000 population. At that time the act could apply only to Cook county. We held the act invalid and said: "There can be no reason, in the nature of things, why a city, village, school district or other public or quasi-public corporation in that county should be deprived of powers that a similar corporation situated in some other county is permitted to exercise." In *Strong* v.

*Dignan,* 207 Ill. 385, a section of the Administration act was held to be special legislation and to be void because the section was limited in its operation to counties of 200,000 population or more. See, also, *People* v. *Fox,* 247 Ill. 402; *Pettibone* v. *West Chicago Park Comrs.* 215 id. 304.

To be general a statute must not only be general in its terms but it must also be uniform in its operation upon all persons and subject matter in a like situation. (*Cummings* v. *City of Chicago,* 144 Ill. 563; *People* v. *Onahan,* 170 id. 449.) There is no question that this act applies to but one county in this State and that it does not apply the same to all property owners whose real estate is subject to a lien for delinquent taxes. It does not apply to tax-payers whose real estate has been sold by order of court for the non-payment of taxes, or to those persons whose property was forfeited for non-payment but who, after such forfeiture and before the act became operative, paid the taxes, penalties and costs. The fact that House Bill 568 (Laws of 1935, p. 1170,) dealt with tax penalties and forfeitures in the remaining 101 counties of this State does not serve to make this a general rather than a special and local act, for the provisions of the two acts are entirely different. No reason is stated in the act, and none is presented, to justify a different treatment of delinquent taxes on real estate in Cook county from that in force throughout this State. This act violates section 22 of article 4 and is void.

The act in question is also in contravention of section 1 of article 9 of the constitution, which provides that the General Assembly may provide revenue by levying a tax by valuation, "so that every person and corporation shall pay a tax in proportion to the value of his, her or its property." The words "tax" and "taxes" are defined as "any tax, special assessments or costs, interest or penalty imposed upon property." See section 292 of the Revenue act of 1872. 120 S. H. A. 277; Ill. State Bar Stat. 1935, p. 2667.

But the appellants insist that interest and penalties do not apply to the process of valuation. This is true; but the fact remains that the interest on delinquent taxes is charged on a tax which is based on the assessed valuation of the tax-payer's real estate, and this act, by waiving the penalties as above set forth, does produce a want of uniformity. This principle of uniformity of property taxes is one of the cardinal principles of our form of government, and attempts by the legislature to upset this rule have been thwarted in numerous cases. *Primm* v. *City of Belleville,* 59 Ill. 142; *Chicago, Burlington and Quincy Railroad Co.* v. *City of Aurora,* 99 id. 205; *Village of Lemont* v. *Jenks,* 197 id. 363.

The act violates section 13 of article 4 of the constitution of 1870 in that it contains a subject not expressed in its title. It purports to be an act in relation to the payment, in installments, of unpaid, forfeited or delinquent taxes on real estate. No one reading the title would suspect that the effect of the statute is to waive substantial amounts of interest, forfeitures, delinquencies, penalties and certain costs which may have accumulated over a period of years. This is the kind of thing that comes within the restriction contained in section 13 of article 4. *People* v. *Clark,* 301 Ill. 428.

The act also violates section 13 of article 4, in that it amends section 177 of the Revenue act of 1872 without the insertion of that section in the new act. In *People* v. *Borgeson,* 335 Ill. 136, we said: "An act which is incomplete in itself and in which new provisions are commingled with old ones, so that it is necessary to read the two acts together in order to determine what the law is, is an amendatory act and invalid under the constitution, and it is unimportant in such case that the act does not purport to amend or revive any other statute."

Section 177 of the Revenue act of 1872 as amended has for many years covered the subject of delinquent real

estate taxes. The act now in question must be read in connection with that section to determine the rights of parties seeking relief under the new act. In case of default in making the payments authorized by this act the parties are remitted to section 177 for their rights. In the meantime the act in question suspends the force of section 177. It is apparent that the act is not complete in itself but is, in fact, an amendment of section 177 and is void.

Other points are urged against the constitutionality of the act, but it is not necessary to consider them.

The judgment of the circuit court of Cook county is right, and it is affirmed.