(No. 41504.—

*In re* PETITION FOR REMOVAL OF JACK STRUCK *et al.,* Appellants.—(Dora M. Scarber, *et al.,* Appellees.)

*Opinion filed January 29, 1969.*

House, J., took no part.

Don Johnson, City Attorney, of DuQuoin, for appellants.

Robert L. Cross, of Nashville, for appellees.

Mr. Chief Justice Solfisburg delivered the opinion of the court:

The principal question is whether division 7 of article 4 of the Illinois Municipal Code (Ill. Rev. Stat. 1967, chap. 24, pars. 4—7—1 through 4—7—6, and 4—7—9, 4—7—10), which provides for the recall of elective officials under the commission form of city government, constitutes special legislation contrary to section 22 of article IV of the Illinois constitution.

Jack Struck, the mayor, and all four commissioners of the city of DuQuoin were the subject of separate petitions filed pursuant to section 4—7—2 demanding an election to remove them from office. Each petition alleged as grounds for removal that the mayor (or commissioner) had voted for five ordinances to which he knew the electors were opposed. The mayor and commissioners each filed objections to the respective petitions. The objections charged that division 7 of article 4 constitutes special legislation in violation of section 22 of article IV of the Illinois constitution and that its application would deny him equal protection and due process of law; that the petitions were not based on a substantial or proper reason for removal; and that the petitions were not sufficient for various reasons which are not now pursued. The circuit court of Perry County consolidated the petitions for hearing, took evidence

on the issues raised by the objections and found the petitions sufficient. The mayor and two of the commissioners have joined in this appeal.

The appellants point out that the ordinances mentioned in the removal petitions were the Uniform Housing Code and Uniform Building Code Short Form, both current editions, prepared by the International Conference of Building Officials, the current Illinois State Plumbing Code, the current Fire Prevention Code, prepared by the American Insurance Association and the current National Electrical Code, prepared by the National Fire Protection Association, and that the removal petitions did not allege, nor did the court find, any misfeasance, malfeasance, or nonfeasance on the part of the appellants. In short, they seek to have the cause for recall under section 4—7—2 construed to mean official incompetence or misconduct in office and not mere disagreement with their policy decisions. This identical issue was raised in *In re Bower, ante,* at p. *277,* decided at the November, 1968 Term. We there held that a recall election could be held under division 7 of article 4 to remove elected officials because of the voters' displeasure with their policies regardless of the lack of nonfeasance, misfeasance or malfeasance on the part of such officials. That case is dispositive of that issue here.

It is also argued that the petitions did not contain the requisite number of valid signatures. Before the petitions were filed, at least 25 signatures were withdrawn from each petition by written revocation pursuant to section 4—7—3. After the petitions had been filed, at least 300 signatures were sought to be withdrawn from each petition by written revocation. If the revocations of signatures filed after the removal petitions had been filed were allowed, each of the petitions would fail to contain the number of signatures required by section 4—7—2.

Appellants argue that the trial court erred in striking the revocations of signatures filed after the removal petitions

had been filed and cite a number of cases (see *Heppe* v. *Mooberry,* 350 Ill. 641; *People ex rel. School Directors* v. *Oakwood,* 290 Ill. 45; *Littell* v. *Board of Supervisors,* 198 Ill. 205) holding that a petitioner may withdraw his name from a petition at any time prior to the time the tribunal created by law to pass upon the proposition submitted by the petition has finally acted. This is the general rule when the statute creating the right to petition does not limit the time for a petitioner to withdraw his name from the petition. Section 4—7—3, however, specifically provides: "No signatures shall be revoked, except by a written revocation filed with the clerk with whom the petition is required to be filed before the petition is filed." The trial court, therefore, properly struck the revocations of signatures filed after the removal petitions had been filed.

Since the petitions were sufficient to require an election for a successor to each appellant, we turn to the constitutional attack on the statute. Contrary to appellees' assertions, the constitutional issues were properly raised and presented and were ruled upon in the trial court.

Appellants point out that the recall procedure of division 7 of article 4 is unique with the commission form of city government, there being no similar procedure for recalling elected officials under the aldermanic or managerial forms of city government, village government or incorporated town government. This they argue constitutes special legislation because there is no reasonable relation between the objectives sought to be accomplished by the recall procedure and the differences in the various forms of municipal government.

*People ex rel. City of Danville* v. *Fox,* 247 Ill. 402, involved the constitutionality of a statute which permitted cities having a population of more than 20,000 to use, for general city purposes, all of the road and bridge taxes levied and collected on property within their respective boundaries, but villages or incorporated towns were only

entitled to use one-half of such taxes collected within their respective boundaries. The court stated: "While, as we have said, it is competent for the legislature to classify cities for governmental purposes and to enact laws applicable to such class, this authority is not absolute but is subject to constitutional restrictions. 'There must be some reasonable relation between the situation of municipalities classified and the purposes and objects to be attained. There must be something, in the nature of things, which in some reasonable degree accounts for the division into classes.' (*People* v. *Knopf*, 183 Ill. 410.) Unless there be some substantial reason, based upon differences in circumstances or conditions, which will justify the classification, the exclusion of villages and towns from the benefits to be derived from the control of the expenditure of all the tax collected under sections 13 and 14 is a grant of a special privilege to the cities included within the class and is in violation of section 22 of article 4 of the constitution, which prohibits the passage of local or special laws granting to any corporation, association or individual any special or exclusive privilege or immunity. That villages and towns may avail themselves of the benefits of said third proviso by becoming cities is no answer to the objection that it confers special privileges upon cities which are denied to other municipal corporations similarly situated. The fact that a municipality has adopted the form of government provided for cities affords no reasonable basis for conferring upon it benefits and privileges withheld from villages of equal population, and differing from cities only in that they have not thought proper or desirable to incorporate as cities." 247 Ill. 402, 408; accord *People* v. *Campbell*, 285 Ill. 557.

Appellees advance no theory or reason for allowing voters of a commission-form city to recall their elected officials, while denying the right to voters of other forms of city, village and incorporated-town governments, nor are we aware of any reason for it. The recall, the initiative and

the referendum were among the political reforms advocated during the "progressive movement" after the turn of the century. Their purpose was to bring political control closer to the people and to provide a means for greater democratic government. Recall is not an inherent aspect of the commission-type city government and there is nothing in the nature of this form of city government which requires that its elected officials be more closely controlled by its voters than the elected officials of any other municipality. See Bird & Ryan, The Recall of Public Officers, 4-5 (1930); Kneier, City Government in the United States, 398-403 (1957).

We carefully pointed out in *Bower* that we express no opinion on the merits of the recall procedure in municipal government. It is our opinion, however, that there is no reasonable relation between the objectives sought to be accomplished by the recall procedure and the differences in the various forms of municipal government. Either the recall procedure should apply to all forms of municipal government or it should apply to none, or all forms of municipal government should be free to adopt it. (See *People ex rel. Grinnel* v. *Hoffman,* 116 Ill. 587.) Since division 7 of article 4 applies only to commission-form cities, it is special legislation in violation of section 22 of article IV of the Illinois constitution.

The judgment of the circuit court of Perry County is reversed and the cause is remanded for the entry of an order dismissing the petitions.

*Reversed and remanded.*

Mr. JUSTICE HOUSE took no part in the consideration or decision of this case.