LINDA WILLIAMSON, Petitioner-Appellant, *v.* EUGENE C. DOYLE *et al.*, Respondents-Appellees.

First District (2nd Division)    No. 81-2516

Opinion filed December 29, 1981.

Patrick Quinn, of Hinsdale, and Joel Monarch, of Chicago, for appellant.

_____

Andrew M. Raucci, of Chicago, for appellee Municipal Officers' Electoral Board of the City of Northlake.

Franklin J. Lunding, Jr., of Chicago, for other appellees.

JUSTICE STAMOS delivered the opinion of the court:

Petitioner Linda Williamson appeals from an order of the circuit court of Cook County sustaining the decision of the Municipal Officers' Electoral Board of the city of Northlake (the Board). The Board had sustained objections to a petition proposing a referendum question for the November 3, 1981, ballot in the city of Northlake. The proposed referendum deals with whether the city of Northlake should adopt an ordinance providing a procedure for recall of elected officials.

Petitions for placing this referendum question on the ballot were circulated pursuant to section 28—7 of the Election Code (Ill. Rev. Stat. 1979, ch. 46, par. 28—7). This section sets out the procedures to be followed relative to referenda authorized by article VII of the Illinois Constitution or section 5 of the Constitution's Transition Schedule. The Transition Schedule has no application to the facts of the instant case, so the referendum in question is proper under section 28—7 of the Election Code only if the referendum is authorized by article VII of the Illinois Constitution.

Article VII applies to local governments. Section 7 of article VII applies to counties and municipalities, such as the city of Northlake, that are not home rule units. Section 7 states:

"[M]unicipalities which are not home rule units shall have only powers granted to them by law and the powers * * * (2) by referendum, to adopt, alter or repeal their forms of government provided by law; (3) in the case of municipalities, to provide by referendum for their officers, manner of selection and terms of office * * *." (Ill. Const. 1970, art. VII, §7.)

The precise issue of this appeal is whether the enactment of a recall procedure is one of the proper uses of a referendum under article VII. In other words, can the phrase "to provide by referendum for their officers, manner of selection and terms of office" be read to mean "to provide by referendum for a means of removing officers?" We think not. Recall is a well-known procedure and acceptance of recall implies adherence to a particular view of the power of the electorate. (Compare *Citizens Committee to Recall Rizzo v. Board of Elections* (1976), 470 Pa. 1, 83-84, 367 A.2d 232, 274-75 (Roberts, J., dissenting), with *In re Petition for Removal of Struck* (1969), 41 Ill. 2d 574, 578-79, 244 N.E.2d 176.) Some States, by constitutional provision, make recall a fundamental right of the body politic. (See *Wallace v. Tripp* (1960), 358 Mich. 668, 101 N.W.2d 312

(construing article III, section 8 of the 1908 Michigan Constitution).) We believe that if the drafters of the 1970 Illinois Constitution had intended to include the recall power in section 7(3), they would have done so explicitly. The word "recall" does not appear in the 1970 Constitution. Our research reveals only one reference to recall in the Record of Proceedings of the Sixth Illinois Constitutional Convention. Member Proposal No. 224, offered by four delegates, recommended that the Constitution include provisions for, *inter alia*, recall of elected officers. (7 Proceedings 2937.) This recommendation was not acted upon. Nevertheless, it is apparent that the drafters were aware of the concept. This leads us to believe that the omission was not an oversight.

The cases cited by petitioner do not compel a broad reading of section 7(3) of article VII. In *Clarke v. City of Arlington Heights* (1974), 57 Ill. 2d 50, 54, 309 N.E.2d 576, our supreme court held that an article VII referendum was properly used to change the office of city clerk from an appointive to an elective position and to change the number of trustees and their terms of office. These alterations in the city's governing structure are clearly within the Constitution's language, "to provide for its officers, their manner of selection and terms of office." (Ill. Const. 1970, art. VII, §6(f) (applicable to home rule municipalities).) In *Boytor v. City of Aurora* (1980), 81 Ill. 2d 308, 314, 410 N.E.2d 1, the court held that municipalities can choose by referendum to have nonpartisan elections in lieu of partisan contests. This is an alteration in the "manner of selection." A recall procedure, however, is a manner of "de-selection" and does not comfortably fit within any of three categories of section 7(3), as do the procedures allowed in *Clarke* and *Boytor*.[1]

■■ Petitioner argues that the Constitution's silence on the subject of recall does not necessarily imply that the procedure is impermissible. Petitioner cites cases from Washington and Tennessee for the proposition that, absent specific constitutional authority, a valid recall ordinance can be adopted. (See *Hilzinger v. Gillman* (1909), 56 Wash. 228, ___, 105 P. 471, 474; *Roberts v. Brown* (1957), 43 Tenn. App. 567, 594, 310 S.W.2d 197, 210.) Petitioner's argument is persuasive, although inapposite. There was no specific authority for recall in the 1870 Illinois Constitution. A recall provision was nevertheless enacted as part of the Illinois Municipal Code. (See Ill. Rev. Stat. 1967, ch. 24, par. 4—7—1 *et seq.*) This provision was held unconstitutional in *In re Petition for Removal of Struck* (1969), 41 Ill. 2d 574, 244 N.E.2d 176, but on the narrow ground that it was unconstitu-

---

[1] *Clarke* and *Boytor* dealt with home rule units and construed the constitutional provision applicable to such municipalities. (Ill. Const. 1970, art. VII, §6(f).) Section 7 of article VII is a parallel provision applicable to non-home rule units. Both sections originated in the same section of an earlier draft of the constitution and our supreme court has held that the referendum right of home rule units and non-home rule units are the same. See *Pechous v. Slawko* (1976), 64 Ill. 2d 576, 582-83, 357 N.E.2d 1144.

tional special legislation because it applied only to one form of local government and not to other forms. The supreme court, while expressing no opinion on the wisdom of the recall procedure, stated that, if adopted, it should apply to all forms of government or all forms should be free to adopt it. (41 Ill. 2d 574, 579.) The holding implies that an even-handed recall statute would have been constitutional under the 1870 Constitution. Since the 1970 Constitution is also silent on the subject, a recall statute would likely be constitutional. The 1970 Constitution gives home rule units broad legislative powers and states that those powers are to be construed liberally. (Ill. Const. 1970, art. VII, §6.) Consequently, a home rule unit could enact a valid recall ordinance. Non-home rule units such as the city of Northlake do not have such power.

The issue before this court, however, is not whether a recall procedure can be enacted by ordinance. The question is whether recall can be adopted by municipal referendum. In this respect, the powers of municipalities, whether home-ruled or not, are identical. (See *Pechous v. Slawko* (1976), 64 Ill. 2d 576, 582-83, 357 N.E.2d 1144 (holding that the referendum powers of home rule units and non-home rule units are the same).) We find that article VII of the Illinois Constitution does not contemplate the use of referenda to adopt recall procedures.

Petitioner argues that the electorate should be able to do directly what the Constitution allows to be done indirectly. Petitioner correctly contends that a referendum can be used to abolish an office. Petitioner contends that the electorate could then, by a second referendum, recreate the office. The original officeholder, who would have been unseated as a result of the first referendum, would in effect have been "recalled." While this cumbersome procedure would lead to the same result as a recall election, we take issue with the underlying premise. The fact that a result might be reached by a circuitous route does not mean that the straight path to that end is a legal one.

■■ We hold that article VII of the Illinois Constitution, which gives voters the power by referendum to adopt or alter forms of local government and establish public offices, does not authorize the use of a referendum to establish a procedure for recall of elected officials. The decision of the trial court sustaining the ruling by the electoral board was therefore correct.

Affirmed.

DOWNING and PERLIN, JJ., concur.