JOSEPH BADENOCH, for use, etc.

*v.*

THE CITY OF CHICAGO *et al.*

*Opinion filed June 14, 1906.*

1. GARNISHMENT—*the legislature cannot authorize a judgment against city officer in favor of person to whom he is not personally indebted.* The legislature has no power to authorize a justice of the peace or a court of record to render judgment against an officer of a city in favor of a person to whom he is not personally indebted, for the use of another in an attachment or garnishment proceeding, nor to require the city treasurer, by a contempt proceeding against him, to deposit in court the amount found due an officer or employee as salary or wages.

2. CONSTITUTIONAL LAW—*Garnishment act of 1905 is void as an attempted amendment of general law.* The act of May 11, 1905, (Laws of 1905, p. 285,) to subject the salary of employees of certain municipal corporations to garnishment and attachment, although it purports to be an act complete in itself, is, in effect, an attempt to amend the general statutes respecting garnishment and attachment without complying with section 13 of article 4 of the constitution, and is void.

3. SAME—*Garnishment act of 1905 is special legislation.* The act of May 11, 1905, "to subject the salary and wages of officers and employees of counties, cities, villages, school districts and departments of either thereof to garnishment and attachment," is unconstitutional as being a special law, in that it does not apply to all municipal corporations of the same class created under the laws of the State.

APPEAL from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

W. B. MOAK, for appellant:

The right of the legislature to pass an act of garnishment affecting the persons included in the act of 1905 is established. The passage of the act amounts to and is but a declaration by the legislature of what is the public policy of the State in so far as it relates to the persons affected, which heretofore has been to exempt such persons from garnishment. *Carroll* v. *East St. Louis,* 67 Ill. 568; *Starkweather*

v. *Bible Society,* 72 id. 50; *Stevens* v. *Pratt,* 101 id. 230; *Female Academy* v. *Sullivan,* 116 id. 382; *Raisor* v. *Railroad Co.* 117 Ill. App. 488; 215 Ill. 47.

Other States have approved this policy and the garnishment of municipal employees, and in some of the States cities have been held liable to garnishment under the general statutes of garnishment. *Newark* v. *Fink,* 15 Ohio St. 462; *Whidden* v. *Drake,* 5 N. H. 113; *Bray* v. *Wallingford,* 20 Conn. 416; *Adams* v. *Tyler,* 121 Mass. 380; *Wales* v. *Muscatine,* 4 Iowa, 302; *Rodman* v. *Musselman,* 12 Bush, 354; *Mayer* v. *Horton,* 38 N. J. L. 88; *Eilson* v. *Lewis,* 10 R. I. 285; *Denver* v. *Brown,* 18 Pac. Rep. 214.

The court will try to sustain the act rather than to defeat the intent of the legislature. *People* v. *Knopf,* 183 Ill. 410.

Where the intent of the legislature is clear it must be given effect. *Cantrell* v. *Seaverns,* 168 Ill. 165; *Gauen* v. *Drainage District,* 131 id. 446.

The omission of the word "towns" from the title of the act does not, of itself, defeat the act, and at most will only affect the operation of the act so far as the officers and employees of towns may be included or omitted. Const. art. 4, sec. 13; *Donnersberger* v. *Prendergast,* 128 Ill. 229; *People* v. *Martin,* 178 id. 611; *People* v. *State Reformatory,* 148 id. 413.

The act as approved by the legislature is not unconstitutional. *Timm* v. *Harrison,* 109 Ill. 593; *People* v. *Wright,* 70 id. 388; *People* v. *Loeffler,* 175 id. 588; *Manchester* v. *People,* 178 id. 285.

EDWARD T. WADE, (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellee the City of Chicago:

The act is not substantially complete in itself and does not constitute a complete and entire act of legislation on the subject which it purports to deal with, but is merely an attempt to create out of the existing laws and this act together, an act to subject the salary and wages of municipal employ-

ees and officers to garnishment and attachment. Cooley's Const. Lim. (6th ed.) 182; *People v. Knopf*, 183 Ill. 412.

The act is invalid and unconstitutional because it discriminates against citizens of the same class, and is therefore special legislation. Const. art. 4, sec. 22; *Hibbard* v. *Chicago*, 173 Ill. 98; *Frorer* v. *People*, 141 id. 187; *Coal Co.* v. *People*, 147 id. 71; *Harding* v. *People*, 160 id. 465; *Gillespie* v. *People*, 186 id. 176; *Mathews* v. *People*, 202 id. 402.

JOHN C. RICHBERG, (RICHBERG & RICHBERG, of counsel,) for appellee F. W. Blocki:

The city treasurer is a mere custodian of public money, and cannot pay out such money except on warrants signed by the mayor and city comptroller. Starr & Cur. Stat. chap. 24, art. 7, sec. 11.

A city treasurer cannot be subject to garnishment, as no relation of debtor and creditor exists between him and a city employee. *Triebel* v. *Colburn*, 64 Ill. 376.

The act in question is unconstitutional, being an amendment of a previous act in relation to garnishment while purporting to be a complete act in itself. Const. art. 4, sec. 13; *People* v. *Knopf*, 183 Ill. 410.

The act of 1905 is unalterably opposed to a sound public policy and is unconstitutional as special legislation (*a*) in granting to certain public corporations immunities denied to others; (*b*) in granting to certain individuals privileges and immunities denied to others; (*c*) in being a special law where a general law could have been made applicable. *Merwin* v. *Chicago*, 45 Ill. 133; Const. art. 4, sec. 22, clauses 23, 24.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook county quashing the writ and dismissing the suit in a garnishment proceeding commenced in said court by Ste-

phen D. May against the city of Chicago and Frederick W. Blocki, the treasurer of said city, to recover from said garnishees, under the provisions of an act entitled "An act to subject the salary and wages of officers and employees of counties, cities, villages, school districts and departments of either thereof to garnishment and attachment," approved May 11, 1905, and in force July 1, 1905, (Laws of 1905, p. 285,) the amount of a certain judgment theretofore recovered by said Stephen D. May in said circuit court against Joseph Badenoch, an officer or employee of said city. An affidavit in the form usually filed under the provisions of the general Garnishment act, averring, among other things, the recovery of said judgment, the issue and return of an execution *nulla bona,* and that the city of Chicago and Frederick W. Blocki, its treasurer, were indebted to said Badenoch, · was filed, whereupon a garnishee summons was issued and served upon the city and its treasurer. The contention of the city of Chicago and Frederick W. Blocki in the court below was, and that court held, said act was in contravention of the constitution of this State and void. Hence the appeal is prosecuted direct to this court.

The act of May 11 consists of eight sections. Section 1 provides that the salary or wages of any officer or person employed by any county, city, town, village, school district, or any department of either thereof, shall be liable to process of garnishment or attachment in the following manner and extent and with the same effect that the salary or wages of any other person is or are now or may hereafter become, under any provisions of any law of this State, liable to such process; section 2, that when the salary or wages of any officer of such political subdivision or department thereof is sought to be attached or reached by process of garnishment, . the garnishee summons or writ of attachment shall be served upon the treasurer or clerk of such political subdivision or department thereof, and in all other cases such·process shall be served upon the officer or head of department, or the pre-

siding officer of the body in which office or department or by which body the person whose salary or wages is sought to be attached or garnisheed is employed, and the answer shall be made by the officer or person upon whom such service is made or by some other officer or person having knowledge of the facts; section 3, that the officer upon whom such garnishee summons is served shall, within ten days from the date of service of summons, file, or cause to be filed, with the justice or the clerk of the court where such proceeding is pending, an answer under oath, stating the amount due the person whose salary or wages has been attached or garnisheed, the amount of offsets, if any, the corporation has against said wages or salary at the time of the service of summons, and whether the officer or employee is the head of a family, and shall deposit with the justice or the clerk of the court the amount so shown to be due and unpaid, taking a receipt therefor, and that thereupon the municipal corporation shall be relieved from any further connection with the suit, and that the receipt so taken for such deposit shall become a voucher for the amount so paid, the same as though taken from said officer or employee; section 4, that upon the filing of an answer and the making of such deposit the justice or the court where the proceeding is pending shall proceed to try the rights of the parties to such deposit, as near as may be in the same manner as other cases of garnishment; section 5, that when such officer shall be summoned to answer in any place other than where he resides, where his office is located or where his duties are usually performed, the plaintiff shall file with the affidavit in attachment or in garnishment, and before the issuing of summons, interrogatories in writing to be answered by said officer, which shall be served upon him at the time the summons is served, which interrogatories shall be answered under oath by the officer served, and filed with the justice, or in the court from which summons issued, within ten days from the time specified in the garnishee summons; section 6, that the filing of such

answer and the making of said deposit shall release the corporation from further action on the part of the justice or the court in which the proceeding is pending, but if the officer shall fail to file an answer and make such deposit within ten days after the service of summons, the justice or the court may subpœna said officer to appear and may compel such officer to file an answer, and if it shall appear that any money is due the officer or employee the court may order the same deposited within a specified time, and if such officer shall still refuse to deposit the same the court may proceed against the officer served as in cases for contempt; section 7, that before the officer shall be required to answer he shall be paid the usual fees required by law to be paid in such cases, and in case the officer is without the jurisdiction of the court his deposition may be taken, but such deposition shall not operate as an answer; and section 8, that in case any officer of the corporation named in section 2 of the act to be served with summons shall be the officer or employee whose salary or wages are attached or garnisheed, then the summons shall be served upon some other officer of the corporation.

It is contended on behalf of the city treasurer that the relation of debtor and creditor does not exist between the city treasurer and the officers and employees of the city, and that, at most, the city treasurer is but the custodian of the funds of the city, and that the legislature is powerless to authorize a judgment to be rendered against a city treasurer for the amount due a city officer or employee as salary or wages, for the benefit of the creditor of such officer or employee, in an attachment or garnishment proceeding.

In *Triebel* v. *Colburn,* 64 Ill. 376, it was sought to garnishee the salary of a policeman in the hands of the city treasurer of the city of Peoria. It appeared the policeman's account had been audited; that the treasurer had money in his hands which he might rightfully apply to the payment of said salary, and that there remained nothing for the city treasurer to do but to pay to the policeman the money due

him.  It was, however, held the fund could not be reached by garnishee process, as the city treasurer was not indebted to the policeman.  The court, on page 378, said: "The city treasurer in this case had no money of the judgment debtor, the policeman, in his hands.  The money due to the latter for his salary did not become his money until paid over to him. The city treasurer was not indebted to him.  He could not have maintained an action against the treasurer,  *   *   * but would have been compelled to sue the city, which alone was his debtor.  The supposed ground of personal liability failing, the treasurer of this municipal corporation must be held as not liable to this garnishee process."

The statute in question is so inartificially drawn that it is difficult to determine from its provisions whether it was the intention of the framers of said act that a personal judgment should be rendered against the city treasurer or not, if, on a hearing, it should be determined that the city was indebted to an officer or employee whose salary or wages was sought to be attached or garnisheed.  By the terms of the act, if the city treasurer files an answer and admits the city is indebted to the officer or employee whose salary or wages is sought to be garnisheed, and deposits the money admitted to be due such officer or employee as salary or wages with the justice or in court, then the city is to be released in the proceeding from all further action on the part of the justice or the court. If, however, the city treasurer declines to answer and to admit there is money due the officer or employee whose salary or wages is sought to be garnisheed and refuses to make a deposit of funds with the justice or in court, it would seem to be the legislative intent that there should be a hearing of some kind before the justice or in court to determine the question whether there is anything due as wages or salary from the officer or employee whose salary or wages is sought to be garnisheed, and as the act of May 11, 1905, does not in express terms provide for such a hearing, presumably such hearing is to take place under the provisions

of the general Garnishment act, and if the justice or court finds there was due such officer or employee, at the time of the service of summons, any amount, as salary or wages, under the provisions of section 6 of said act, the justice or the court may direct the officer garnisheed to deposit the amount found due with the justice or in court, and if the officer garnisheed fails to deposit the money found due as ordered, he may be punished by the justice or court as for a contempt of court. We think it too clear for argument that the legislature was powerless to authorize a justice or a court of record to render a judgment against an officer of a city in favor of a person to whom he was not personally indebted, for the use of another, in an attachment or garnishment proceeding, or to require the city treasurer to deposit in court the amount found due said officer or employee as salary or wages by a contempt proceeding against the officer refusing to make such deposit. To hold otherwise would be to hold the legislature might authorize a justice or a court of record, by its judgment, to take from one man his property and give it to another, which in this case would clearly be to deprive the city treasurer of his property without due process of law. The trial court did not, therefore, we think, err in quashing the writ and dismissing the garnishment proceeding as against the city treasurer.

It is contended upon behalf of the city that the effect of the act of May 11, 1905, is to amend the general statutes upon the subjects of attachment and garnishment in violation of section 13 of article 4 of the constitution of 1870, which provides that "no law shall be revived or amended by reference to its title only, but the law revived, or the section amended, shall be inserted at length in the new act." It will be observed from its reading that the title of said act purports to be the title of a complete act upon the subject with which the title deals, and if such is the effect of the act it is not in conflict with said constitutional inhibition, although it may have the effect to modify or repeal, by im-

plication, existing laws. If, however, the effect of the new act is to amend the general statutes of the State upon the subjects of attachment and garnishment by intermingling the provisions of the new act with the provisions of those statutes or by adding to those statutes new provisions, so as to create out of the general statutes heretofore in force upon the subject of attachment and garnishment and the new act a new law for the attachment and garnishment of the salaries and wages of the officers and employees of certain municipal corporations named in the title of the act, then the new act is clearly amendatory of the old statutes upon those subjects and in violation of said constitutional provision.

In *People* v. *Knopf*, 183 Ill. 410, in considering the act of 1898, "for the assessment of property and providing the means therefor, and to repeal a certain act therein named," where the same question was raised as is here presented for decision, the court, on page 415, said: "The title of the act of 1898, which has been already given, does not indicate that the act is amendatory of any existing law, nor does the act itself profess, in terms, to amend another law by reference to its title, or otherwise. So far as the title goes, the act purports to be a complete law in itself and to make provision for the assessment of property throughout the State and to provide the means therefor. If it can be held to be such a law, constituting a complete and entire act of legislation on the subject which it purports to deal with, it will be deemed good and not subject to the constitutional prohibition, notwithstanding it may repeal by implication, or modify, the provisions of prior existing laws. On the other hand, if the act is merely an attempt to amend the old law for the assessment of property by intermingling new and different provisions with the old ones or by adding new provisions, so as to create out of the existing laws and this act together an act for the assessment of property, then the act is clearly amendatory of the old law, and the requirement of the constitution is that the law so amended must be inserted

at length in the new act. The character of the act in this respect must be determined, not by the title alone nor the question whether the act professes to be an amendment of existing laws, but by an examination and comparison of its provisions with prior laws which are left in force."

In the act under consideration the attachment and garnishment of the salaries and wages of officers and employees of certain municipal corporations are the subjects dealt with, and while the title of the act purports to be the title of a complete act, it appears from the body of the act that it is not a complete act within itself, but that the act is by itself, and when considered alone, wholly ineffective and inoperative, and that its provisions cannot be made effective and operative except by engrafting the new act upon the attachment and garnishment acts heretofore in force in this State. In the new act no provision is made for reducing the garnisheeing creditor's claim to judgment, or for exhausting his remedy against his debtor's tangible property by issuing an execution and having it returned no property found before a garnishment proceeding is commenced, nor is there any method pointed out in the new act for setting the garnishment proceeding in operation by the filing of an affidavit that the garnisheeing creditor has reduced his claim to judgment, that the personal property of his debtor has been exhausted, and that the municipality or officer sought to be garnisheed is indebted to the officer or employee against whom he has judgment. All the provisions regulating these matters must be found in the general statutes upon the subject of garnishment, and in the new act the grounds for attachment are not stated, and the affidavit and bond, which are prerequisites to the issuing of a writ of attachment, are not found, but these matters must also be sought in the general statutes of the State regulating the issuing of writs of attachment. It thus appears that the act of 1905 is not a complete act within itself, and that it amounts to nothing more than an attempt to change the existing statutes of the

State upon the subject of attachment and garnishment, so as to make them broad enough to include within their terms the attachment and garnishment of the salaries and wages of the officers and employees of the municipal corporations named in the new act by intermingling the provisions of the new act with those of the old statutes upon those subjects, the effect of which clearly is to bring the new statute within the view expressed in the *Knopf case,* and to render it unconstitutional and void, as amounting to amendments of the general statutes upon the subjects of attachment and garnishment heretofore in force in this State.

It is also urged that the act of May 11, 1905, is special legislation and unconstitutional in this: that it places certain burdens upon the municipal corporations named in the title of the act from which other municipal corporations of the same class are exempted, and discriminates against the officers and employees of the municipalities named in the title of the act by making the salaries and wages of such officers and employees liable to attachment or garnishment while the officers and employees of other municipal corporations of the same class are not liable to attachment and garnishment proceedings.

It is apparent from the terms of the act that it does not apply to the officers and employees of all municipal corporations created under the laws of this State, and unless some valid ground can be pointed out justifying the omission from the act of the officers and employees of municipal corporations of the same class with those included within the act, which we think cannot be done, the contention that the act is special legislation, and therefore unconstitutional, would seem to be well founded. Judge Cooley, in his work on Constitutional Limitations, (6th ed. p. 482,) says: "The statute would not be constitutional which would select particular individuals from a class or locality and subject them to peculiar rules or impose upon them obligations or burdens from which others in the same locality or class are exempt.

222—6

Everyone has a right to demand that he be governed by general rules, and a special statute which without his consent singles his case out as one to be regulated by a different law from that which is applied in all similar cases would not be legitimate legislation, but would be such an arbitrary mandate as is not within the province of free government." And as was pointed out by the learned judge who heard the case below: "A man employed by the city of Chicago to dig in the earth with a spade for the construction of a great intercepting sewer flowing into the drainage canal and constituting a component part of one general scheme for the purification of Chicago's water supply would under this act be liable to garnishment, while his brother, doing exactly similar work for the drainage commission, designed for the accomplishment of the same general purpose and paid for by the same body of tax-payers, would be exempt from such process."

In *Mathews* v. *People,* 202 Ill. 389, it was held that section 8 of the Free Employment Agency act of 1899, which prohibited superintendents of the agencies established under that act from furnishing workmen or lists of workmen to employers whose men are on a strike or are locked out, was repugnant to the constitution as special legislation. On page 403 the court said: "The legislature has no power to deny to the employer whose men are out upon a strike or are locked out the right to obtain workmen from these free employment agencies and at the same time to grant such right to other employers not similarly situated."

The act in question grants a remedy to the creditors of the officers and employees of counties, cities, villages and school districts and denies a similar remedy to the creditors of the officers and employees of other similar municipal corporations in the State; or, to state the matter in another way, it makes the salaries and wages of the officers and employees of counties, cities, villages and school districts liable to attachment and garnishment and grants immunity from

attachment and garnishment to the officers and employees of all other municipal corporations in the State. This clearly is special legislation, and under the authority of the *Mathews case,* and similar cases, is unconstitutional and void.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*