(No. 19297.

SAMUEL BRODER, Appellee, *vs.* EDWIN D. KRENN *et al.* Appellants.

*Opinion filed February 20, 1929—Rehearing denied April 5, 1929.*

ROBERT J. HILLIARD, MATTHIAS CONCANNON, and WILLIAM H. DILLON, for appellants.

ISADORE WOLFSOHN, and HARRY J. FIREMAN, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal seeking reversal of a judgment of the municipal court of Chicago against appellants, Edwin D. Krenn and Edward A. Dato, in the sum of $5000. Appellee, Samuel Broder, on February 7, 1924, filed a suit of the first class against appellants and Edith Rockefeller McCormick, individually and as trustees of the common law trust known as the Edith Rockefeller McCormick Trust. The purpose of the suit was to recover for services alleged to be due to appellee in organizing said common law trust. The appearance of those made defendants to the suit was filed on February 16, 1924. On February 21, 1924, the court ordered that leave be given plaintiff to file a demand for a jury trial. On October 28, 1925, a trial was commenced before the court and a jury. A verdict was rendered finding the issues for the plaintiff and assessing his

damages at $5000. The cause was appealed to the Appellate court for the First District, where the judgment was reversed and the cause remanded for re-trial. Plaintiff on December 11, 1926, filed the mandate of the Appellate Court in the municipal court, and defendants filed a motion for trial without a jury. Plaintiff objected, and the motion for a trial without a jury was on January 27, 1927, denied and the cause transferred to the chief justice of that court for re-assignment for trial with a jury. Defendants excepted and were given thirty days in which to file a bill of exceptions. On February 3, 1927, the bill of exceptions was filed and approved. It recites that on December 11, 1926, the matter coming on to be heard on the motion of plaintiff to file the mandate of the Appellate Court, the same was filed, and plaintiff by his counsel moved for a trial before the court with a jury, to which defendants objected, and thereupon moved the court that the cause be set for trial without a jury for the following reasons:

(1) Plaintiff, at the time he commenced the suit, did not file with the clerk a demand in writing for a trial by jury, and therefore, pursuant to section 30 of an act entitled, "An act in relation to a municipal court in the city of Chicago," the cause should be tried by the court without a jury.

(2) The attempted amendment in 1921 of section 56 of said act was held ineffective, unconstitutional and void by the Supreme Court of Illinois in the case of *People* v. *City of Chicago*, 310 Ill. 534.

(3) The attempted amendment is unconstitutional and void in that (*a*) the legislature, in violation of section 34 of article 4 of the constitution, failed to provide for its submission to a vote of the people; (*b*) it violates the provisions of section 13 of article 4 in that (1) it embraces within its terms a subject not expressed in its title; and (2) it amends section 30 of said act without inserting section 30 at length in the new act.

(4) Section 56 as so amended, if constitutional, cannot apply to a cause pending at the time it went into effect.

The bill of exceptions also recites the order of the court on these motions and the denial of the defendants' motion to set the cause for a hearing without a jury.

On March 21, 1928, the trial of the cause was begun before the court with a jury. On March 22, 1928, plaintiff obtained leave to file an amended statement of claim. It was thereupon ordered that defendants file an affidavit of merits thereto in five days and that a juror in the cause be withdrawn and the jury discharged from further consideration of the cause. The amended affidavit of claim is predicated on an express contract with Krenn and Dato and the suit was thereafter against them alone. On July 10, 1927, the municipal court entered an order again reciting the motion of defendants to try the cause without a jury and overruling the same, and the trial of the cause was begun before the court with a jury. The jury on this trial returned a verdict for $5000 on behalf of the plaintiff and against Krenn and Dato. Motion for a new trial and in arrest of judgment was overruled, and on August 16 an appeal to this court was allowed on filing bond for $7500.

Appellants' first assignment of error is, that section 56 of the Municipal Court act, as amended in 1921, is unconstitutional and void for the reasons, first, that it was held ineffective by this court in *People* v. *City of Chicago, supra,* for the reason that it had not been submitted to a vote of the people, as required by section 34 of article 4 of the constitution; second, that it violates section 13 of article 4 of the constitution, in that it purports to amend section 30 of the Municipal Court act without inserting that section at length in the new act; and third, that section 56 as amended is void for the further reason that it failed to provide for its submission to a vote of the people.

Section 56 as amended was submitted to a vote of the people of Chicago on April 8, 1924, after the suit in this

cause was started, but it contains no provision for a referendum. That section 56 as amended should itself have provided for a referendum is argued with much force, but we will consider first the objection that it violates section 13 of article 4 of the constitution in that it amends section 30 of the Municipal Court act without inserting that section at length in the new act.

This is a case of the first class. Section 30 of the Municipal Court act, as amended in 1907 and adopted by vote on September 17, 1907, (Smith's Stat. 1927, p. 897,) provides as follows: "That every suit at law in the municipal court other than a case of the second class, or a case of the third class, or a case of the fifth class, or a bastardy case, mentioned in section 2 of this act, shall be tried by the court without a jury unless the plaintiff, at the time he commences his suit, or the defendant at the time he enters his appearance, shall file with the clerk a demand in writing of a trial by jury, which demand, however, may be withdrawn by the party filing the same at any time before the trial. Every civil suit at law of the second class shall be tried by the court without a jury unless the respective parties, or one of them, shall, at the time of entering their or his appearance in the municipal court, file with the clerk a demand in writing of a trial by jury. Every person desirous of suffering a non-suit on trial shall be barred therefrom unless he do so before the jury retire from the bar, or before the court, in case the trial is by the court without a jury, states its finding." This provision has been in force since the time of its enactment unless legally changed by subsequent enactments.

Section 56 of the Municipal Court act as amended in 1907, which section was adopted at an election held September 17, 1907, consisted of ten paragraphs, relating exclusively to costs. Prior to the amendment of section 56 in 1921 section 30 was the only section of said act governing the right of trial by jury or the right to a non-suit.

The only reference to jury trials in section 56 as then in force had to do with the amount of fees to be paid where a jury trial had been demanded. The legislature by an act approved June 27, 1921, (Laws of 1921, p. 393,) purported to amend section 56. The title of the amendatory act is, "An act to amend an act entitled 'An act in relation to a municipal court in the city of Chicago,' approved May 18, 1905, as subsequently amended." Section 1 of the amendatory act provides that section 56 of the act shall be amended in the manner set out. Section 56 as amended is thereupon set out in full, consisting of twelve paragraphs. The first ten paragraphs have to do with costs in suits. The eleventh paragraph relates to costs in cases submitted to arbitration under the act in relation to arbitrations and awards. The twelfth paragraph, in so far as material here, provides as follows: "Every civil suit at law not *quasi* criminal in its nature in said court, shall be tried by the court, without a jury, unless the plaintiff, at the commencement of such suit or the defendant at the time he enters his appearance, shall file with the clerk of the court a demand in writing for trial by jury and at the same time shall pay to the clerk of the court, in addition to other fees allowed by law, the sum of eight dollars for a jury trial. In case either party shall file such demand, the cause shall be tried by jury unless both parties shall waive trial by jury and submit the cause to the court for trial without a jury. At any time before the commencement of a trial before the court without a jury, either party may, in the discretion of the court, demand trial by jury upon paying the fee therefor, provided the trial of the cause shall not be materially delayed by such demand. Said fee shall be taxed as costs the same as other costs in such cause." (Laws of 1921, p. 395.)

It will be noted that there is no language in the twelfth paragraph of section 56 as amended which in terms repeals any other section of the act inconsistent with that enactment. It likewise seems clear that it cannot be considered

an independent enactment but it plainly purports to amend section 30, concerning the right to demand a trial by jury. Under section 30 the party making a demand for trial by jury may withdraw the same at any time before the trial. Under section 56, when a jury trial is demanded the cause shall be so tried unless both parties waive trial by jury. By section 30 it is required that the demand for jury trial shall be made by the plaintiff at the time of the commencement of the suit, or if the defendant demand a jury trial it shall be at the time of his appearance. Under section 56 as amended either party may, at the discretion of the court, demand a jury trial at any time before the commencement of the trial, provided the cause shall not be materially delayed by such demand. It is evident, therefore, that by the amendment of section 56 an attempt is made to amend section 30. However, not all provisions of section 30 are changed. That section also provides that "every person desirous of suffering a non-suit on trial shall be barred therefrom unless he do so before the jury retire from the bar, or before the court, in case the trial is by the court without a jury, states its finding." This provision of section 30 remains intact and nothing appears in section 56 as amended inconsistent therewith.

Section 13 of article 4 was not intended to limit or control repeals by implication. If an act is complete in itself and does not purport to amend a prior act it is not within the constitutional prohibition although its effect may be to repeal certain provisions contained in prior acts. If the new act makes changes in an existing act by adding new provisions and mingling the new with the old on the same subject, the later act must be considered an amendment of the former and within the constitutional prohibition even though it professes to be an independent act. (*Nelson v. Hoffman,* 314 Ill. 616; *People v. Greer College,* 302 id. 538.) In *Galpin v. City of Chicago,* 269 Ill. 27, an act which purported by its title to amend the Fees and Salaries

act by adding section 9a, regarding the collection and payment into the treasury of certain fees by the State's attorney in certain counties, was held to be unconstitutional for the reason that its effect was to amend section 8 of the Fees and Salaries act, and was therefore an amendment of that section without setting out the section amended but by reference to the title of the act only.

Nor does section 56 repeal section 30 by implication. That section also, as we have seen, regulates the right to a non-suit. This provision is not affected by the amendment of section 56 but remains a part of section 30. Therefore, when the legislature desired to change the provisions of section 30 concerning the right to demand a jury trial it should have done so by inserting that section at length in the new act or indicated its repeal by express language. Before one may know the law in relation to jury trials and non-suits in the municipal court it is necessary to read both sections 30 and 56. Section 13 of article 4 of the constitution was designed to prevent a situation of such character. *Galpin* v. *City of Chicago, supra; Badenoch* v. *City of Chicago,* 222 Ill. 71; *Brooks* v. *Hatch,* 261 id. 179.

Cases are cited by appellee in which this court has construed and applied section 56 as amended. No question as to the validity of that section was raised in those cases and they in nowise control here.

Section 56 of the Municipal Court act as amended is therefore void. This being true, section 30 as amended in 1907 governs in this case, and appellee not having demanded a jury trial on filing his suit is not entitled to a trial by jury. The municipal court erred in denying appellants' motion for a trial without a jury.

The judgment of the municipal court is reversed and the cause remanded for a new trial before the court without a jury.                    *Reversed and remanded.*