(No. 26584.—

THE PEOPLE *ex rel.* Oscar N. Larson, County Collector, Appellant, *vs.* CHARLES M. THOMSON, Trustee, *et al.,* Appellees.

*Opinion filed November 17, 1942.*

Ross E. Millet, State's Attorney, (George Spitz, and Robert J. Scott, of counsel,) for appellant.

Lowell B. Smith, Nelson Trottman, M L. Bluhm, R. W. Spangenberg, G. E. Stott, Andrew C. Scott, and John W. Freels, (Nelson J. Wilcox, of counsel,) for appellees.

Mr. Chief Justice Stone delivered the opinion of the Court:

This is an appeal to review the order and judgment of the county court of DeKalb county sustaining the objections of four taxpayers, appellees here, to a special tuberculosis sanitarium tax levied by the board of supervisors of that county. The facts are stipulated and such stipulation with the objections of appellees to the tax, forms the basis of the lawsuit.

The facts as stipulated are that, for some years prior to 1940, DeKalb county had maintained a tuberculosis sanitarium. On September 12, 1940, in compliance with the request of the board of directors of the sanitarium, the board of supervisors of DeKalb county, by resolution, directed the county clerk to place before the voters of the county a proposition to assess a tax in excess of 25 cents on each $100 valuation, as authorized under the Counties Act, such tax not to exceed one and one-half mills on the dollar of assessed valuation on the taxable property in the county for the years 1940 to 1954, both inclusive. The resolution prescribed that the question to be placed before the voters was whether there should be levied in that county

a tax for the years enumerated, in addition to the statutory limit of 25 cents per $100 valuation, which excess tax should not exceed one and one-half mills on the dollar of assessed valuation of property of the county, "said excess tax to be for the purpose of providing care and treatment for persons afflicted with tuberculosis who are residents of DeKalb county, in accordance with the provisions of an Act," citing the act commonly called "Tuberculosis Sanitarium Act." Spaces were to be arranged on the ballot for "Yes" or "No" vote. The proposition received a favorable vote. A certificate of tax levy was made, including a levy "For Tuberculosis Sanitarium, 9 Cents on each $100.00 Assessed Valuation (Special Tax) $31,800.00."

The objections of the taxpayers, though differently phrased, are in substance the same. They attack the validity of the tuberculosis-sanitarium tax on the ground that the calling of the election was irregular and the form of the ballot used was not in conformity with the statute. The county court overruled the objection as to the manner of calling the election but sustained those directed to the form of the ballot. The county collector has appealed. He admits that the form of ballot used did not conform with the provisions of section 27 of the Counties Act, and that the election was not valid unless an act of 1939, hereinafter referred to, (Ill. Rev. Stat. 1939, chap. 34, par. 175k,) is a valid and applicable statute.

The gist of appellant's argument in this connection is that the 1939 act, hereinafter referred to as paragraph 175k, is a complete act in itself which does not purport to amend any other act, and while it might be said that it modifies existing laws, it is nevertheless a complete, and not an amendatory, act. Appellees, on the other hand, contend that the act violates section 13, article IV, of the constitution, in that it is not a complete act and does amend certain sections of existing statutes which are not inserted at length in the new act.

If the act be held to be complete within itself, as legislation on the subject with which it purports to deal, it will not be considered subject to the prohibitions of section 13, article IV, of the constitution. On the other hand, if the act be not complete in itself, and in effect, whether it purports so to do or not, amends prior existing statutes by intermingling new and different provisions with the old, so as to create out of the existing laws and the new act an act for the assessment of property, then the act is clearly amendatory and the requirements of the constitution must be met. The character of the act must be determined not by the title alone nor whether it professes to be an amendment of existing laws, but by an examination and comparison of its provisions with prior laws which are left in force. *Badenoch* v. *City of Chicago, 222* Ill. 71; *People ex rel. Stuckart* v. *Knopf,* 183 id. 410.

The act is entitled "An act concerning the levy of County taxes to defray expenses of providing sanitarium facilities for tuberculosis patients." It provides: "In all cases where any County shall have sought or shall hereafter seek to ascertain the will of the voters on the proposition to levy a tax not to exceed one and one-half mills on the dollar of the assessed valuation of the County, said tax to be levied for a specified number of years, and the proceeds thereof to be used for the establishment and maintenance of a County Tuberculosis Sanitarium or for the purpose of defraying all necessary expenses of providing sanitarium care in the State of Illinois of tuberculosis patients of the County, or for either, and a majority of the voters expressing their choice favor the same, then each such County is hereby authorized to levy such tax in an amount not to exceed the rate so specified and for the years therein specified, and such tax shall be in addition to taxes now or hereafter authorized for any other County purposes and shall not be subject to any limitation for taxes as now or hereafter fixed by law, except as herein specified

and except as specified in the Constitution of this State, and the amount to be extended for such purpose shall not be included in computing any limitation for tax extensions. All acts and proceedings heretofore had, done or taken in connection with the authorization of such levy are hereby validated. In all cases where any County shall hereafter seek to ascertain the will of the voters on such proposition same may be done by separate ballot, at any general election, or at a special election called for that purpose, in like manner and with like notice as in the case of other County elections."

It is conceded that so far 'as the act purports to validate past attempts to levy such taxes, the same is invalid, as was held by this court in *People ex rel. Burkholder* v. *Peoria and Eastern Railway Co.*, 375 Ill. 197. But appellant argues that this act, as applied to taxes levied after its passage, as in the case before us, is a valid piece of legislation. It will be observed that no provision is made in the act of 1939 for holding an election other than that of the last sentence: "In all cases where any county shall hereafter seek to ascertain the will of the voters on such proposition same may be done by separate ballot, at any general election, or at a special election called for that purpose, in like manner and with like notice as in the case of other county elections." What other county elections are not designated. What the like notice as in other county elections shall be, is not specified. It can scarcely be said that this act adopts any particular act by reference since it refers to no other act. Therefore, what notice shall be required, or what means shall be used for calling a special election, or submitting the proposition at a general election, and the form of the ballot, are all left to conjecture, unless the clerk upon whom the duty is cast to call this election goes to some other statute not designated in this act, for information on the subject. It seems clear, therefore, that this act cannot be said to be an act complete in itself. It may be

further observed that existing acts relating to taxes for tuberculosis sanitariums do not authorize the holding of special elections. Though the act before us does so authorize, it prescribes no form of ballot or notice but declares the form and notice used in other kinds of county elections shall be followed.

Counsel for appellants say that this case is analogous to *People ex rel. Kincaid* v. *School Directors,* 267 Ill. 172, where this court held that in the High School Law of 1913, an act providing for the admission of pupils to an outside school when no high school existed in the district in which they resided, was held to be an act complete in itself and not in contravention of section 13, article IV, of the constitution. In that case it was pointed out that section 13, article IV, of the constitution was not intended to forbid every enactment which in any degree affected prior laws, but that if it could be held to be a complete act of the legislature on the subject with which it deals, it will be deemed good. However, the reading of the act under consideration in that case clearly shows that it was a complete act. It was unnecessary to refer to any other act to know what would be expected of the officials in charge, in discharge of the act.

In *Broder* v. *Krenn,* 334 Ill. 256, this court held invalid an amendment to the Chicago Municipal Court Act, the effect of which was to change the practice pertaining to securing a jury trial. It was there pointed out that the amendment under consideration in that case in its effect attempted to amend section 30 of the Municipal Court Act, but not all provisions of that section were changed, thus leaving a portion of section 30 intact. It was also pointed out that the new act did not attempt to repeal section 30 and it was held that when the General Assembly desired to change the provisions of section 30, concerning the right to demand a jury, it should have done so by inserting that section at length in the new act or indicated a repeal by

express language. Not having done so, the act is open to the objection that it violated section 13, article IV, of the constitution.

The act before us does not purport to confer upon counties the power to establish and maintain a tuberculosis sanitarium or to levy taxes therefor, as does the Tuberculosis Sanitarium Act, but relates only to an increased tax for such purpose. Aside from its provisions for an excess tax there yet remains in section 2 of the Tuberculosis Sanitarium Act provisions directed to the subject matter of a tuberculosis sanitarium tax. Furthermore, it is conceded that section 25 of the Counties Act, which limits taxes for county purposes to twenty-five cents on each $100 valuation, with the exception therein noted, not material here, still remains in force and effect, though the provisions of the act before us, under circumstances therein designated, amend the power of county boards in that behalf. Likewise section 27 of the Counties Act has specific provisions for submitting a proposition for increased levy of taxes over the 25-cent limit to a vote of the people. This also appears to be amended by the act before us. It is necessary to read section 2 of the Tuberculosis Sanitarium Act, (Ill. Rev. Stat. 1941, chap. 34, par. 165,) as well as sections 25 and 27 of the Counties Act, with the new act, designated in the briefs as "Par. 175k," to make the latter intelligible, and though portions of section 2 are modified by paragraph 175k, yet there is no evidence that numerous other portions of that section were intended to be repealed. This suffices to show that the act is not complete in itself but must be read with provisions of other acts in order to make it operative. This is just what section 13, article IV, of our constitution, inveighs against. *People* v. *Borgeson,* 335 Ill. 136.

The judgment of the county court was correct and is affirmed.

*Judgment affirmed.*