ALEXANDER PETERSON *et al.*

*v.*

ELIZABETH EMMERSON.

*Filed at Mt. Vernon November 5, 1890.*

1. JUDICIAL SALES—*time of taking out deed—limitation—the statute construed—as to sales prior to the act.* Section 30, chapter 77, of the Revised Statutes, limiting the time of taking out deeds upon certificates of purchase issued upon sales on execution or under decrees, to five years from the expiration of the time of redemption, applies to sales made before its passage in respect of which the time to redeem had not then expired.

2. After the limitation has run against the right to take out a deed, the certificate will become a nullity, and a court of equity can not compel the making of a deed to the purchaser or his assignee by the officer whose duty it is to make deeds.

Writ of Error to the Circuit Court of Madison county; the Hon. William H. Snyder, Judge, presiding.

Messrs. Dale & Bradshaw, for the plaintiffs in error:

The bill was demurred to, and the position was taken by plaintiffs in error that complainant had no remedy, for the reason that she was barred by the Statute of Limitations. The case of *Ryhiner* v. *Frank*, 105 Ill. 326, is decisive of this.

Mr. A. W. Metcalfe, for the defendant in error:

The mortgage given by William B. Peterson, ancestor of the defendant, having been foreclosed, and, by decree, all the interest of these heirs-at-law of said Peterson divested and sold by said decree, and said sale being subject only to the equity of redemption remaining in them, no defense can be interposed by them except as to such matters as have occurred since the decree and sale. They are conclusive, and all persons in privity of estate or possession are bound by them. *Abrams* v. *Camp*, 3 Scam. 290; *Stempel* v. *Thomas*, 89 Ill. 146; *Baker* v. *Palmer*, 83 id. 568; *Hanson* v. *Armstrong*, 22 id. 442; *Mason* v. *Patterson*, 74 id. 197; *Hedges* v. *Mace*, 72 id. 472; *Spring* v. *Kane*, 86 id. 580; *Hunter* v. *Stoneburner*, 92 id. 75.

We are entitled to the relief asked as a *bona fide* purchaser for value, having bought this land at an unimpeached judicial sale on foreclosure, in which defendant's ancestors, from whom she claims, were parties. *Mathis* v. *Stufflebeam*, 94 Ill. 481; *Spring* v. *Kane*, 86 id. 580; *Harris* v. *Lester*, 80 id. 307.

The purchaser at a judicial as well as a private sale may be a *bona fide* purchaser. *Chouteau* v. *Jones*, 11 Ill. 300.

Judgments and decrees bind both parties and privies. *Clark* v. *Morris*, 22 Ill. 434; *Dickson* v. *Todd*, 43 id. 504.

The limitation act of 1872 is prospective, only, in its oper-- ation. Section 24 of the limitation act of 1872, which repeals all prior acts on the subject, and which declares that "this section" shall not be so construed as to affect any right that may have accrued before this act shall take effect, is to be construed the same as if it had read "this act," instead of "this section." *Dickson* v. *Railroad Co.* 77 Ill. 331.

That statute of limitations, and the case of *Ryhiner* v. *Frank et al.* 105 Ill. 327, simply make the master's certificate void after the bar is complete; but the rights of the parties are not changed. The decree is still in full force, divesting these plaintiffs in error. The law does not act on anything but that certificate, and does not pretend to. That is dead for the purposes of getting a deed on it. Now, what remains? The whole suit for foreclosure, decree and sale is still left unim-- paired. The complainant has everything she needs, including the possession of the land, except the evidence of her title. She is the owner of the property, in equity, but lacks evidence of it.

Mr. JUSTICE BAKER delivered the opinion of the Court:

This was a bill in chancery, filed in the Madison circuit court, by Elizabeth Emmerson, defendant in error. In 1865 William B. Peterson, her then husband, since deceased, gave to John Emmerson a mortgage on forty acres of land, to secure an indebtedness, and she joined in the execution of the same. In 1866 Peterson died, leaving her as his widow, and two chil- dren by a former wife,—Alexander Peterson, then about thir- teen years old, and Sarah A. Peterson, then about twelve years old. Afterwards said Sarah A. died, leaving her surviving, her husband, Hiram Smith, and an infant child, William Smith. In 1867 defendant in error was married to John Emmerson, the mortgagee. She had lived during her widowhood on the mortgaged premises, and continued to reside there for a few months thereafter, and then moved therefrom with her hus-

band. John Emmerson foreclosed the mortgage in 1871, and on November 25, 1871, the master in chancery sold the forty acres of land under the decree of foreclosure, and it was struck off to defendant in error for $535.13, and a certificate of purchase issued to her therefor. Early in 1872, she, by her agent, one Addison Long, took possession of the premises, and has ever since retained such possession, and received the rents and profits, and has paid all taxes assessed thereon. The land, since her said purchase, has never been sold, conveyed or encumbered by any person. No deed has ever been executed to her by the master in chancery. The object of the bill was to procure a decree directing the master in chancery to execute and deliver a good and sufficient deed for the forty acres of land, and Alexander Peterson, Hiram Smith, William Smith, and E. B. Glass, master in chancery, were made defendants.

Answers and replications were filed, and at the hearing the court found that the allegations of the bill were true, and found that the decree of foreclosure had never been satisfied in any way except by the sale of the mortgaged property to defendant in error, and that there were no incumbrances made by any one on the land, and that there were no purchasers or creditors whose rights would be interfered with or prejudiced by a deed made to her, and that no one sets up any claim to the land except the heirs-at-law of William B. Peterson, deceased, and that their claim is inequitable. And the court thereupon decreed that the equitable title to the forty acres of land was in defendant in error, and ordered and directed the master to execute and deliver to her a deed for the premises.

Fifteen years eleven months and ten days elapsed after the expiration of the statutory period allowed for redemption before defendant in error applied for a deed or exhibited her bill of complaint. Section 16 of the Judgments, Decrees and Executions act of March 22, 1872, in force July 1, 1872, provides for the issuance of a certificate of purchase when any real estate is sold by virtue of a decree of foreclosure of mortgage.

Section 30 of the act provides: "When the premises mentioned in any such certificate shall not be redeemed in pursuance of law, the legal holder of such certificate shall be entitled to a deed therefor at any time within five years from the expiration of the time of redemption. * * * If the time of redemption shall have elapsed before the taking effect of this act, a deed may be given within two years from the time this act shall take effect. When such deed is not taken within the time limited by this act, the certificate of purchase shall be null and void."

It is urged that the statute of 1872 does not apply to this case, for the reason the sale was made and the certificate executed prior to the time that statute was enacted and went into force, and the time of redemption had not elapsed before the act took effect. It has been decided otherwise. *Ryhiner* v. *Frank et al.* 105 Ill. 326, was in this respect on all fours with this case, and it was held that the certificate of purchase there involved became void because the deed thereon was not made within five years from the expiration of the time of redemption, and that the deed based thereon was a nullity, and passed no title.

It is also urged that it lies within the general equity powers of the chancery court to order and decree that the master should execute and deliver to defendant in error a conveyance of the land, predicated upon the foreclosure sale of November, 1871, and *Rucker* v. *Dooley et al.* 49 Ill. 377, and *Schrader* v. *Peach,* 77 id. 615, are cited as authorities in that behalf.

*Rucker* v. *Dooley et al.* was decided prior to the enactment of 1872, and when there was no express legislation on the subject, and the court there formulated, based upon the analogies of the law, a rule which it deemed equitable and just. That rule was, that the lapse of twenty years from the date of the sale and certificate was an insuperable bar to the execution of a deed; that after the expiration of the fifteen months allowed for redemption, and within eight years and three months

from the date of sale, a deed should be made by the proper officer, upon presentation of the certificate of purchase; and that after the eight years and three months had elapsed, and within twenty years, a deed might be made upon an order of court entered after notice to parties interested. But this rule was abrogated by the legislative enactment of 1872, not only in respect to the period of limitation, but also by the provision that if a deed was not taken out within the time limited, the certificate should be null and void. It is sticking in the bark to say, that notwithstanding the certificate is null and void, yet the sale which it was given to evidence has such vitality and force that a court may decree, by virtue thereof, the peremptory and absolute transfer by its officer of the property and title of one person to another and different person. Such action on the part of the court is a virtual annulment of the mandate of the statute, and an infringement of vested legal rights.

In *Schrader* v. *Peach*, the other case relied upon, there was no question involved of a judicial sale or of a certificate of purchase, and nothing was there said which tends to impeach the correctness of that which we have already said.

It does not alter the case that defendant in error has been in actual possession of the land since 1872, claiming ownership, and has paid all the taxes assessed thereon. Such acts do not so take the case out of the statute as to justify the transfer to her of the legal title vested in the heirs of the mortgagor. If she has gained any rights by virtue of such possession, claim of ownership and payment of taxes, the courts will, doubtless, if called upon, protect her therein; but surely the existence of such rights, if any there be, does not afford just and equitable grounds for transferring to her a legal title to which she is not entitled under the law of the land.

For the reasons stated herein, the decree is reversed.

*Decree reversed.*