## JAMES M. BROWN
### *v.*
## H. M. RIDENHOWER *et al.*

*Filed at Mt. Vernon November 22, 1895—Rehearing denied May 6, 1896.*

CLOUD—*bill to remove—insufficient title in complainant.* A title derived by *mesne* conveyances from one whose only right was a certificate of purchase at a foreclosure sale, on which no deed ever issued, and which, under the statute, had by lapse of time become null and void, will not authorize a decree setting aside, as clouds, deeds made by the heirs of the original owner and mortgagor.

APPEAL from the Circuit Court of Johnson county; the Hon. OLIVER A. HARKER, Judge, presiding.

SPANN & SHERIDAN, for appellant:

The sale of the master does not complete the title in a purchaser, but is only "one step toward a purchaser's getting a title." Rorer on Judicial Sales, sec. 5; *Williams* v. *Berry*, 8 How. 546.

Misenheimer was merely an "accepted bidder,"—a preferred proposer,—until confirmation of the sale by the court. The bargain was not completed, and could not have passed title until the conveyance was made and delivered and confirmed by the court. 2 Daniell's Ch. Pr. 1274; Rorer on Judicial Sales, (2d ed.) sec. 106; *Rowling* v. *Bailey*, 15 Ill. 178; *Young* v. *Keogh*, 11 id. 642; *Williams* v. *Berry*, 8 How. 496; *Shelton* v. *Tiffin*, 6 id. 163; *Ayers* v. *Baumgarten*, 15 Ill. 444; *Renfro* v. *Pearce*, 63 id. 125; *Harshy* v. *Blackmarr*, 2 Iowa, 161.

When Misenheimer failed to take out a master's deed within the time prescribed by law, he had no interest in or title to the property. Rev. Stat. 1874, chap. 77, sec. 30; *Ryhiner* v. *Frank*, 105 Ill. 326; *Peterson* v. *Emmerson*, 135 id. 55.

The certificate of purchase became absolutely void after five years without taking out a deed. *Trustees of*

*Schools* v. *Love*, 34 Ill. App. 418; *Ryhiner* v. *Frank*, 105 Ill. 326; *Peterson* v. *Emmerson*, 135 id. 55.

H. M. RIDENHOWER, *pro se* and for co-appellee:

To maintain a bill of this character an equitable title is all that is necessary to support the allegations of ownership. *Hemstreet* v. *Burdick*, 90 Ill. 444; *Glos* v. *Randolph*, 138 id. 268 ; *Barlow* v. *Standford*, 82 id. 298.

In a sale under a decree *in rem*, the title of a purchaser at a master's sale becomes absolute when his right to a deed accrues, and the mortgagor's estate will be absolutely divested if he fails to redeem within the allotted time. *Stephens* v. *Insurance Co.* 43 Ill. 327.

It has also been held that the right of redemption is purely statutory, and that right must be exercised in the manner required by the statute, otherwise it will be invalid. *Durley* v. *Davis*, 69 Ill. 133 ; *Littler* v. *People*, 43 id. 190.

Again, a mortgage is a deed with a condition attached, and upon condition broken, ejectment may be maintained and the mortgagor ousted of his possession by the mortgagee, (*Carroll* v. *Ballance*, 26 Ill. 9,) and after condition broken, if the mortgagor is in possession the mortgagee may consider the mortgagor as his tenant. *Carroll* v. *Ballance, supra; Jackson* v. *Warren*, 32 Ill. 340.

In equity it is not necessary to prove complainant's case with the same strictness as in an action of ejectment. *Glos* v. *Randolph*, 138 Ill. 268 ; *Hemstreet* v. *Burdick*, 90 id. 444; *Rucker* v. *Dooley*, 49 id. 378.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is a bill filed by the appellees against the appellant to set aside two quit-claim deeds, executed in January, 1892, by the heirs-at-law and legal representatives of one James M. Finney to the appellant, conveying to appellant a quarter section of land in Johnson county,

which said quit-claim deeds are alleged in the bill to be clouds upon the title of appellees to said land. The bill alleges, that appellees were in possession of the land at the time the bill was filed. The answer denies, that they were in possession; and there is some conflict in the testimony upon the subject. If, however, it be admitted that the complainants below had such possession of the premises as authorized them to file a bill to remove a cloud, yet we are of the opinion that the relief prayed for can not be granted for the reasons hereinafter stated.

In 1858 James M. Finney, being the owner of the land, executed a mortgage thereon to one Misenheimer to secure the payment of $127.50. In 1863 Misenheimer filed a bill to foreclose the mortgage and obtained a decree of foreclosure and sale, under which the premises were sold by one Graham, appointed a special commissioner for that purpose by the decree, and were purchased by the said Misenheimer for $238.03, he being the highest and best bidder at the sale. The sale took place on September 5, 1863, and a certificate of purchase, dated as of that day, was issued to Misenheimer. The special commissioner made a report of the sale on March 16, 1864. Finney died intestate on March 8, 1866, without having redeemed the premises from the sale.

No master's or commissioner's deed was ever issued to Misenheimer, the purchaser, or to any of his grantees. He conveyed the premises by deed to one Holshouser on April 16, 1866; and appellees hold under Holshouser by a regular series of conveyances beginning with him. Appellees have established no title by possession under the twenty years' limitation law, nor any title by seven years' possession and payment of taxes under claim and color of title made in good faith, or by payment of taxes upon the land, while vacant and unoccupied, under such claim and color of title. The only interest in the land, which they set up, is derived from Misenheimer, the purchaser at the foreclosure sale, who never received any deed from

the officer making the sale, nor ever had any other evidence of title except the certificate of sale.

Section 30 of chapter 77 of, the Revised Statutes, being the "act in regard to judgments and decrees," etc., provides that, "when the premises mentioned in any such certificate shall not be redeemed in pursuance of law, the legal holder of such certificate shall be entitled to a deed therefor at any time within five years from the expiration of the time of redemption. The deed shall be executed by the sheriff, master in chancery or other officer who made such sale, or by his successor in office, or by some person specially appointed by the court for the purpose. If the time of redemption shall have elapsed before the taking effect of this act, a deed may be given within two years from the time this act shall take effect, (July 1, 1872). When such deed is not taken within the time limited by this act, the certificate of purchase shall be null and void," etc. (2 Starr & Cur. Stat. p. 1403). In the case at bar, the time of redemption expired on December 5, 1864, before the act of 1872 took effect. The deed should have been taken out by the first day of July, 1874, but, as has already been stated, it was never taken out, neither within five years from the expiration of the time of redemption, nor within two years from the time the act of 1872 took effect. Hence, the certificate of purchase, issued to Misenheimer, became null and void after July 1, 1874.

In *Ryhiner* v. *Frank*, 105 Ill. 326, we held that, where, land was sold under an execution and the sheriff's deed was not taken out within the time limited by the statute, "the certificate of purchase, on which the deed was given, became null and void, and the deed is of no effect." In *Seeberger* v. *Weinberg*, 151 Ill. 369, commenting upon the case of *Ryhiner* v. *Frank, supra,* we said: "The certificate of purchase becomes void, so that a sheriff's deed subsequently issued thereon is a nullity, and passes no title."

In *Peterson* v. *Emmerson*, 135 Ill. 55, we held, that, after the limitation has run against the right to take out a deed, the certificate will become a nullity, and a court of equity cannot compel the making of a deed to the purchaser, or his assignee, by the officer whose duty it is to make deeds; that such action on the part of a court of equity would "be a virtual annulment of the mandate of the statute, and an infringement of vested legal rights."

Again, in *Seeberger* v. *Weinberg, supra,* we held, that the holder of a certificate of purchase, which has thus become *functus officio* and void under the statute, has no remedy against the heirs or representatives of the mortgagor when they retain their interest, and is not entitled to relief as against the grantees of the mortgagor; that he can assert no remedy upon the certificate, as that has become a nullity, and can enforce no remedy upon the original mortgage, as that remedy was exhausted by the foreclosure and sale; and we there said (p. 380): "Whether the lapse of time is to be given the effect of extinguishing his right or of merely barring his remedy, he has no further title or interest in the premises described in the certificate, which either he or his grantee can enforce, either at law or in equity."

If the holder of such void certificate has no interest in the premises described therein which he or his grantee can enforce in equity, then neither Misenheimer, nor appellees as grantees from him, have any such interest as can be enforced by the bill in equity filed in this case. In view of the decisions made by this court which are above referred to, we are of the opinion that the court below erred in granting the relief prayed for.

Accordingly the decree of the circuit court is reversed, and the cause is remanded.

*Reversed and remanded.*