(No. 23474.—

MAY ALTOSINO, Appellant, *vs.* GENNARO ALTOSINO, Appellee.

*Opinion filed April 24, ·1936—Rehearing denied June 4, 1936.*

NATHAN SHEFNER, for appellant.

DANIEL J. MCCARTHY, and FRANK X. BRICKLEY, for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court.

The appellant, May Altosino, as administratrix of the estate of August Altosino, deceased, filed her petition in the circuit court of Cook county praying for the entry of

a decree requiring the registrar of titles of that county to register a certain warranty deed executed October 15, 1930, by the appellee, Gennaro Altosino. The registrar of titles and Gennaro Altosino were made defendants. After issues were joined the cause was referred to an examiner of title in the registrar's office to take evidence and report his conclusions of law and findings of fact. The appellant's objections and exceptions to the report of the examiner were overruled, and the court entered a decree dismissing her petition for want of equity. This appeal followed.

The appellant alleged that title to the property in question was on February 27, 1913, registered in Cook county, Illinois, under the Torrens act, and that later Gennaro Altosino and Helen Altosino became the registered owners; that on October 15, 1930, Gennaro Altosino, a widower, executed and delivered a warranty deed conveying the premises to August Altosino; that this deed was recorded in the recorder's office instead of being registered with the registrar of titles. She alleged the death of August Altosino on August 8, 1935; her appointment as administratrix of his estate; that she requested the registrar of titles to register the title to the premises in question, and his refusal to comply with her request unless first ordered to do so by a decree of the circuit court. The petition prayed that the court find that the title to the premises is now vested in the heirs-at-law of August Altosino, deceased, and that the court order and direct the registrar of titles to register the title to said premises as prayed and to issue proper certificates to the respective heirs. The appellee, Gennaro Altosino, filed an answer, in which he neither admitted nor denied the allegations of the petition but prayed strict proof. He set up that he is eighty-eight years old, unable to read, write or clearly understand the English language, and that he is forced to sign papers or documents by mark. He stated that he was induced to sign the deed in question upon representations made to him that

it was a bond, on which he was to act as surety or co-signer; that he was unable to read the paper he was signing and was wholly unaware of its nature or contents, and that he was not informed until August 15, 1935, that the instrument which he had signed on October 15, 1930, was, in fact, a warranty deed. He stated that he received no consideration for executing the deed.

The appellant testified that she was the widow of August Altosino and that she had been appointed administratrix of his estate. She had never seen the original deed, which had been recorded in the recorder's office, and said it could not be found in her husband's personal belongings. A certified photostatic copy of the record of the warranty deed was received in evidence.

Gennaro Altosino was called as a witness for the appellant under section 60 of the Civil Practice act and denied signing the deed. Thomas Riley, an attorney at law, testified that he had represented August Altosino. He did not remember having had any dealings with the deceased or with his father in 1930. He did not remember that this particular deed was executed in his office but testified that some deed was made. He identified as his own the signature, "Thomas H. Riley, Notary Public," appended to the certificate of acknowledgment on the deed. He said that the memorandum appearing on the reverse side, "mailed to Thomas H. Riley," was in his handwriting. He had no independent recollection of the circumstances surrounding the execution of the deed. A search of his office failed to disclose the original deed. The appellee offered no other evidence.

The appellant contends that the evidence showed that the appellee executed, acknowledged and delivered the warranty deed of October 15, 1930, conveying the premises described therein to his son, and that the force of this evidence could not be overcome by the testimony of the

grantor alone. She relies upon such cases as *Holmes* v. *First Union Trust and Savings Bank,* 362 Ill. 44, and *Jaworski* v. *Sujewicz,* 334 id. 19. The appellee says that the rule announced in those cases, that the execution of a deed is sufficiently proved by the certificate of acknowledgment of the notary public and cannot be impeached or overcome by the testimony of the grantor, alone, does not apply to a case where the land is registered under the Torrens act. He says that the act prescribes what shall be done in order to transfer registered land, and that it places the burden upon the grantee of showing that he is entitled to have the land transferred and a new certificate issued to him. He contends that the grantor's denial that he executed the deed, coupled with his possession of the duplicate certificate of title, overcame the case made by the certificate of acknowledgment, and that the appellant failed to make the necessary showing to the registrar to entitle her to have the deed registered.

Section 47 of the Torrens act provides in part: "A registered owner of land desiring to transfer his whole estate * * * may execute to the intended transferee a deed or instrument of conveyance in any form authorized by law for that purpose. And upon filing such deed or other instrument in the registrar's office and surrendering to the registrar the duplicate certificate of title, and upon its being made to appear to the registrar that the transferee has the title or interest proposed to be transferred and is entitled to make the conveyance, and that the transferee has the right to have such estate or interest transferred to him, he shall make out and register as hereinbefore provided a new certificate and also an owner's duplicate certifying the title to the estate or interest in the land desired to be conveyed to be in the transferee, and shall note upon the original and duplicate certificate the date of the transfer, the name of the transferee and the volume and folium in which the new certificate is registered, and shall stamp

across the original and surrendered duplicate certificate the word 'canceled.' " Smith's Stat. 1935, p. 776.

We said in *Curtis* v. *Haas*, 298 Ill. 485, 489, that a consideration of the act shows clearly that it was the intent of the legislature that no memorial of any charge, lien or claim should be entered by the registrar without due proof before him that the instrument is a proper charge, lien or claim against the land, and that the person presenting the instrument shall make such proof and also that he is the owner of the instrument. While that case concerned the unauthorized entry of memorials of delinquent special assessments and various warrants, what we said applies with equal force in the case of deeds or other instruments of conveyance. Section 47 places the burden upon the grantee to prove to the satisfaction of the registrar that the instrument is valid and that he is the owner thereof. The section also provides that upon filing the deed or other instrument of conveyance the owner's duplicate certificate of title shall be surrendered and that proof be made of the validity and ownership of the deed. The registrar shall then issue a new certificate and duplicate and shall stamp the word "canceled" across the prior original and duplicate certificates. Section 58 provides a method for supplying the loss of the owner's duplicate certificate upon proof to the satisfaction of the registrar that the same has been lost or destroyed. It is apparent that the act does not contemplate that there shall be two owner's duplicate certificates of title outstanding upon the same estate or interest in land. When the grantor makes a conveyance it is a simple matter for him to furnish his duplicate certificate or a copy of it, and, where he denies that he executed the deed, the fact that he still retains the owner's duplicate is strong evidence in support of his denial. In such a case the registrar would be justified in refusing to register the instrument of conveyance, and in this case the court must have before it more than the certificate of acknowledgment and the cir-

cumstances which tend to show delivery, before it can order the grantor's certificate canceled and direct the registrar to register the appellant's deed. The rule that the grantor's testimony, alone, cannot overcome the certificate of acknowledgment does not apply to the facts in evidence, because the grantor's testimony is supported by another fact—his retention of his duplicate certificate of title.

The decree of the circuit court dismissing the appellant's petition for want of equity was correct, and it is affirmed.                                    *Decree affirmed.*