(No. 31107.— ▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, *vs.* EDWIN S. MORTENSON *et al.*—(HENRY D. KLOPFER, Appellant, *vs.* MICHAEL J. FLYNN, County Clerk, Appellee.)

*Opinion filed September 22, 1949.*

108

HARRY P. HENSEL, of Chicago, for appellant.

JOHN S. BOYLE, State's Attorney, (GORDON B. NASH, and JULIA M. HAGERTY, of counsel,) all of Chicago, for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

Henry D. Klopfer, the holder of a certificate of purchase in a tax foreclosure proceeding, appeals from orders entered by the circuit court of Cook County, denying his petitions for the issuance of a tax deed, and, in the alternative, for a resale of the property. Both the revenue and a freehold are involved.

There is no dispute in the facts. It is stipulated that on February 8, 1946, the People of the State of Illinois, through the State's Attorney of Cook County, filed a complaint in the circuit court of Cook County to foreclose certain tax liens on real estate, amounting to $3,713.07. Prior to the filing of the foreclosure proceeding the owners had guaranteed that a minimum bid of $600 would be made at the sale, and submitted certain papers to the commissioner of Cook County, which included a tax search, a picture of the property and information sheet containing the legal description, names of the owners of the property, the amount of taxes due, the amount of the bid, liens and encumbrances, and the names of necessary parties.

The property in question is registered under the Torrens Act, and at the time the papers were submitted to the County Commissioner there was a memorial of record of a certain trust deed, of which no mention was made, as a result of which the parties interested in said trust deed were not made parties to the foreclosure proceeding. The suit was filed by the State's Attorney, and the title holders thereupon entered their appearance in the cause.

On March 20, 1946, a decree was entered finding that the unpaid tax deficiency amounted to $3,713.07, that the same was a valid and prior lien, and that a minimum bid of $600 would be made at the sale. A sale was ordered, and it was decreed that upon the expiration of two years from and after the date of the sale, if no redemption be made, the holders of the certificate of purchase would, upon compliance with the provisions of the Revenue Act, be entitled to a deed.

On April 6, 1946, the public sale was held, and the appellant, who was not one of the owners of the property, bid at said sale the sum of $3700 and the property was sold to him. Thereafter a report of the sale was duly made, showing payment of the bid, and a decree entered confirming the report, and a certificate of purchase delivered to appellant. Appellant complied with the provisions of the Revenue Act by serving the necessary notices and paying subsequent taxes, and on May 10, 1948, filed his petition, praying for the issuance of a deed to the premises sold. Demand was made upon the county clerk for the issuance of the deed, and the certificate of purchase was delivered to the county clerk, who refused to issue a deed on the ground that the appellant had not complied with the provisions of section 82 of the Torrens Act, which provides as follows: "The holder of any certificate of sale of registered land or any estate, or interest therein for any tax, assessment or imposition shall * * * within one year from the date of any such sale * * * present

the same or a sworn copy thereof to the registrar, who shall thereupon enter on the register of the land a memorial thereof, stating the day of sale and the date of presentation, and shall also note upon the certificate of sale the date of presentation and the book and page of the register, where the memorial is entered. The holder of such certificate shall also within the same time mail to each of the persons who appear by the register to have interest in the land, a notice of the registration of such certificate. Unless such certificate is presented and registered, and notice given as herein provided within the time above mentioned, the land shall be forever released from the effect of such sale, and no deed shall be issued in pursuance of such certificate." (Ill. Rev. Stat. 1947, chap. 30, par. 119.) This section makes other provisions as to certificates of purchase relating to municipalities not relevant to this case.

The appellant, as holder of the certificate of purchase, did not present and register said certificate of purchase within the time provided in said statute, and the county clerk thereupon refused to issue and deliver a deed for said property, pursuant to the certificate of purchase.

It is the contention of the appellant that the Revenue Act of 1939 provides a complete procedure for tax foreclosure, and that upon the purchaser's compliance with all of its provisions he is entitled to a tax deed. Appellant also contends that section 82 of the Torrens Act applies only to annual tax sales, and has no application to a tax foreclosure proceeding, and that by reason of the nature of a tax foreclosure proceeding in which the title holders receive notice of the proceeding, there would be no purpose in requiring registration under the Torrens Act. He also contends that the decree in the tax foreclosure proceeding required compliance with the Revenue Act, and not with any provisions of the Torrens Act, and that since appellant relied on the decree, he should obtain a tax deed, notwithstanding the fact that he did not comply with the Torrens

Act. Appellant, in the alternative, claims the former owners of the real estate are guilty of fraud in not disclosing the existence of the trust deed and causing the holders thereof to be made parties to the foreclosure proceeding, and that for said reason the sale should be set aside, and the bid price paid by the appellant be returned to him.

The appellee's position is that when land is registered under the Torrens Act all persons dealing with such land are bound by the terms of the act, and that in regard to land registered under the Torrens Act the provisions of both statutes are applicable, and both must be complied with. Appellee further contends that the appellant as a bidder in the tax sale is a volunteer, and the doctrine of *caveat emptor* applies to the purchaser at such a judicial sale, and that he has no right to institute a collateral attack upon the validity of a decree of sale in such case.

The decision of these issues requires a consideration of the Torrens Act, and its application to proceedings under the Revenue Act. The Torrens Act differs in many material respects from the usual method of transferring title and the requirement for recording instruments affecting title. In respect to property not registered under the Torrens Act, title is transferred by the delivery of a deed from the owner to the grantee. The recording of such instrument is not necessary to the validity of the transfer. The instrument when recorded serves as notice to other persons dealing with the title to such property. Instruments affecting title to land not registered under the Torrens system will be recorded by the recorder without passing upon their validity or effect, and the extent to which such instruments affect title is left to the judgment of persons examining the record of such instruments.

The general purpose of the Torrens Act is to provide an independent system of registration, whereby an intending purchaser of land can determine from the register the condition of the title. (*Balzer* v. *Pyles,* 350 Ill. 344.)

Under the ordinary system of recording, evidences of title are placed of record, while under the Torrens system the title itself is registered. (*In re Application of Bickel*, 301 Ill. 484.) And one of the objects of the Torrens system is to create a system of registration of land titles where all instruments affecting any title shall be filed and registered in one department and no other. *Hacken* v. *Isenberg*, 288 Ill. 589.

There are several fundamental differences in effect between registration of title under the Torrens Act and the ordinary recording of documents affecting land. Under the Torrens Act an instrument, such as a deed or mortgage, does not directly affect the title to registered land, but affects it only by way of contract between the parties constituting authority to the registrar to register the transfer or mortgage, and on completion of the registration the land, estate, or interests, shall become transferred or mortgaged in accordance with the purport of the deed, mortgage, or other instrument. Ill. Rev. Stat. 1947, chap. 30, par. 98.

When title is registered under the Torrens system in the name of one person, it cannot again be registered in another's name, until the duplicate certificate is surrendered to the registrar. (*Eliason* v. *Wilborn*, 335 Ill. 352.) One of the many differences is illustrated by the fact that after land is registered under the Torrens system no title thereto, adverse or in derogation to the title of the registered owner, can be acquired by any length of possession. (Ill. Rev. Stat. 1947, chap. 30, par. 85.) When a transfer is to be made under the provisions of the Torrens Act, the registrar of titles, unlike the recorder of deeds, investigates to determine the validity of the transfer, and the registrar will not issue his certificate of title without proof that the instrument is valid, and that the grantee is the owner. (*Altosino* v. *Altosino*, 363 Ill. 437.) In fact, under the Torrens system an innocent purchaser may acquire a good title if a certificate of title is issued to him, notwithstanding

the fact that a prior purported transfer was a forgery, of which the registrar was unaware. (*Eliason* v. *Wilborn*, 335 Ill. 352.) And when land is registered under the Torrens Act, purchasers of such land are presumed to know the terms of the Torrens Act, and are bound by its terms. *Eliason* v. *Wilborn*, 335 Ill. 352; Ill. Rev. Stat. 1947, chap. 30, par. 90.

The statute provides that a tax deed for land registered under the Torrens Act shall have only the effect of an agreement for the transfer of the title upon the register. (Ill. Rev. Stat. 1947, chap. 30, par. 120.) And we have held that a judicial sale and transfer of land under a judgment by confession, without compliance with registration under the Torrens Act, was void as to registered land. *Evans* v. *Chicago Title and Trust Co.* 317 Ill. 11.

The many differences regarding the requirements and effect of transferring title to land registered under the Torrens system, and those of land which is not so registered, clearly indicate that the basic purpose of the Torrens Act is to require a registration or memorial of all matters affecting registered property, so that the registrar's certificate is the sole and exclusive evidence of title. We said in *Evans* v. *Chicago Title and Trust Co.* 317 Ill. 11, "The clearly indicated intention of the legislature was to provide that the registrar's certificate of title should be conclusive evidence of the holder's title, and that for this purpose no judgment should affect registered land until a certificate or certified copy of the judgment should be filed in the office of the registrar and a memorial entered upon the register of the last certificate of title to be affected."

It is the contention of the appellant in this case that the procedure set forth in the Revenue Act of 1939, in regard to tax foreclosure proceedings, is a complete procedure, and that compliance with the provisions of section 82 of the Torrens Act is unnecessary. We cannot agree with the contention of appellant in this respect. There can be

no question but that the Torrens Act controls the transfer of title, whether such title is transferred by deed, judicial proceeding, tax sale, tax or other foreclosure, the law of descent, or otherwise. In fact, there can be no question but that if appellant were to receive a tax deed, the real estate in question and the title thereto would be controlled by the provisions of the Torrens Act, and the appellant would have to comply .with that act in order to secure a transfer of the title to himself.

No reason has been advanced as to why the legislature may not legally enact such a law. Section 30 of the Judgments Act (Ill. Rev. Stat. 1947, chap. 77, par. 31,) provides that if a deed is not taken out within five years after the expiration of the period of redemption, where a certificate of purchase has been issued by a sheriff, master, or other official conducting a judicial sale, such certificate shall become null and void. This statute has been construed as depriving the holder of such certificate, not taking out a deed, of any right whatsoever in the property sold, after the lapse of such five-year period. (*Peterson* v. *Emmerson,* 135 Ill. 55; *Seeberger* v. *Weinberg,* 151 Ill. 369.) So, also, a judicial sale and transfer of title of registered land, under a judgment, without compliance with the Torrens Act, has been held void. (*Evans* v. *Chicago Title and Trust Co.* 317 Ill. 11.) There is no conflict or inconsistency between the tax law and the Torrens Act. The one provides for the collection of taxes and delivery of a certificate and deed in case of sale; the other the requirements to register the land under the Torrens Act. To hold otherwise would depart from the basic purpose of the Torrens Act, that the registrar's certificate is exclusive evidence of the condition of the title.

The appellant argues that the registration of a certificate of purchase under a tax foreclosure sale would serve no purpose for the reason that the owners of the real estate in a tax foreclosure proceeding are personally notified of

the pendency of the foreclosure proceeding, and under the annual tax sale procedure the owner does not receive personal notice, and because of this distinction section 82 of the Torrens Act applies to annual tax sales and not to foreclosure tax sales. The purpose of the Torrens Act is to make the condition of the title available to any interested person from an examination of the Torrens certificate. This information is available not only to the record owner of the land, but to any prospective purchaser or other third party investigating the condition of the title. In other words, the Torrens system serves a broader purpose than merely to notify the record owner of instruments affecting title. It is notice to all the world of the condition of the title to that property. The fact, therefore, that the record owner may have notice of a tax foreclosure proceeding by summons, publication, or otherwise, would not fulfill the fundamental purpose of the Torrens Act. We feel that any distinction that may exist between an annual tax sale and a tax foreclosure sale is not such as would indicate an intention upon the part of the legislature that section 82 of the Torrens Act shall not apply to tax foreclosure sales.

The appellant points out that the decree of court refers only to the Revenue Act, and contains no provision requiring compliance with the Torrens Act. There is no reason why it should. The fact that the decree of court does not mention the Torrens act does not excuse the purchaser from compliance with such act. It is stipulated that the land in question has been registered under the Torrens Act. The statute itself notifies the appellant, and all persons dealing with the land, that the provisions of the Torrens Act must be complied with. The statute recites: "The bringing of land under this act shall imply an agreement which shall run with the land that the same shall be subject to the terms of the act and all amendments and alterations thereof. And all dealings with land or any estate or interest therein after the same has been brought under this

act, and all liens, encumbrances and charges upon the same subsequent to the first registration thereof, shall be deemed to be subject to the terms of this act." (Ill. Rev. Stat. 1947, chap. 30, par. 90.) And in *Eliason* v. *Wilborn,* 335 Ill. 352, we said: "When appellants bought it they knew the title had been registered, and they took it subject to all of the rights, privileges and obligations of such registration and the law applicable thereto. They were under no obligations to buy, but when they did buy and registered their title they came under all of the provisions of the act and were presumed to know all of its terms."

The appellant further argues that the sale should be set aside and the purchase price refunded to him because of fraud of the parties to the tax foreclosure proceeding. Appellant points out that in the tax foreclosure proceeding the trustee and holders of notes under a trust deed were not made parties. The complaint and other papers for the tax foreclosure suit were prepared by attorneys for the owners of the property, and no mention was made of the existence of the prior mortgage. However, it does not appear that the trust deed in question was not of record and shown on the records in the office of the registrar, which were open to the examination of the public, and information that such trust deed was not released would appear of record to any one examining the registrar's certificate to this property. Under such circumstances, the failure to make an interested person a party to the tax foreclosure proceeding would not constitute such fraud as to require the setting aside of the sale, especially since no fraud is charged or claimed to have been committed by the public authorities. Moreover, the rule of *caveat emptor* applies to purchasers at judicial sales, and it is incumbent upon the purchaser at such sale to investigate the title, as no covenants of warranty are involved in a judicial sale. *Bishop* v. *O'Conner,* 69 Ill. 431.

The controversy, if any, between appellant and the title owners is not before the court, and even though he might have action against them for reimbursement, the remedy would not require the county clerk to refund the purchase price. On this question we express no opinion.

We are of the opinion that the circuit court of Cook County properly denied the prayer of appellant's petitions, and its orders are affirmed. *Orders affirmed.*