(No. 31099.—

INTERSTATE BOND COMPANY, Appellant, *vs.* JOSEPH T. BARAN, Recorder of Deeds, Appellee.

*Opinion filed May 18, 1950.*

MacLeish, Spray, Price & Underwood, of Chicago, (Robert S. Cushman, and Willard C. Meier, of counsel,) for appellant.

John S. Boyle, State's Attorney, (Gordon B. Nash, Melvin F. Wingersky, Peter G. Kuh, and Thomas J. Matousek, of counsel,) all of Chicago, for appellee.

Mr. Chief Justice Thompson delivered the opinion of the court:

A petition was filed in equity in the circuit court of Cook County by appellant under "An Act concerning land titles," (Ill. Rev. Stat. 1947, chap. 30, par. 45 to 148, incl.) commonly known as the Torrens Act, to compel the appellee, the recorder of deeds of Cook County and *ex officio* registrar of titles, to enter a memorial of a tax deed on the register of the land. The appellee filed an answer denying the right to register the tax deed by reason of failure to comply with section 82 of the Torrens Act. (Ill. Rev. Stat. 1947, chap. 30, par. 119.) The facts in the case were stipulated, and appellant filed its motion for judgment alleging the registrar was under a positive duty to receive the tax deed and register it. The motion for judgment also attacked the constitutionality of section 82. The motion for judgment was overruled and the cause dismissed for want of equity.

It was stipulated by the parties that the property is registered under the Torrens Act, and that the general taxes for the year 1936, which were levied and extended, were not entirely paid and a balance was due thereon; that judgment of sale was duly entered ordering said real estate to be sold for said unpaid portion of the taxes; that said real estate was forfeited to the State of Illinois for want of bidders

and that thereafter appellant, Interstate Bond Company, purchased said forfeited real estate and received from the county collector of Cook County a certificate of sale; that a memorial of the certificate of sale was duly entered on the register of the land; that the registrar has refused to enter a memorial of said tax deed on the register of the land because of appellant's noncompliance with section 82; that appellant did not comply with that part of section 82 of "An Act concerning land titles" which provides that "The holder of such certificate [of sale] shall also, within the same time [one year from date of tax sale,] mail to each of the persons who appear by the register to have any interest in the land, a notice of the registration of such certificate."

Appellant first assigns error in the failure of the trial court to hold that appellee-registrar was under a positive ministerial duty to accept and register the tax deed without inquiry into its sufficiency. Next, appellant urges that the court erred in not holding that portion of section 82 of the Torrens Act unconstitutional and void, as violating sections 13 and 22 of article IV and section 2 of article II of the Illinois constitution.

The crucial question presented is whether the appellee-registrar is under a positive ministerial duty to accept and register tax deeds without inquiry into their legal sufficiency. Appellant bases his contention that the registrar must do so without inquiry into extrinsic facts bearing upon such legal sufficiency as a conveyance of title on section 9 of "An Act to revise the law in relation to recorders," which provides, in part, "Every recorder shall, as soon as practicable after the receipt of any instrument in writing in his office, entitled to be recorded, record the same at length in the order of time of its reception * * *," (Ill. Rev. Stat. 1947, chap. 115, par. 9,) and on section 1 of the Torrens Act, which, in part, provides, "All laws relative to recorders and their deputies, * * * shall extend to registrars and their deputies, so far as the same may be applicable."

Appellant contends that by the clear language of these statutes the registrar is required to register a tax deed tendered to him without regard to the existence of facts which might bear on its legal sufficiency to transfer the title. In support of this contention appellant relies on the case of *Lawton* v. *Haas,* 293 Ill. 220. In that case the registrar refused to register a tax deed because the duplicate certificate of title was not surrendered with it. The tax deed there was proper and valid in all respects and no question of its sufficiency was presented. The real controversy in that case was over the necessity of surrendering the duplicate certificate of a title in order to have a memorial of a tax deed upon the register. The court there held such surrender was not necessary unless the holder of the tax deed desired to have the title registered in him. After pointing out that the tax deed there was obtained in complete compliance with section 82 of the act, the court said: "The petition was to compel the registrar to perform a purely ministerial duty and not to adjudicate anything concerning the title." It appears that on this sentence the appellant bases its contention that the registrar's duty is purely ministerial in the instant case. The case cited and the instant case are easily differentiated. In the *Lawton case* the tax deed was proper in all respects. In the instant case it is admitted appellant did not comply with section 82 of the Torrens Act. The pronouncement of the court that the registrar's duty to enter the tax deed in the *Lawton case* was purely ministerial was based on the prior finding that the tax deed there was proper under section 82 of the act, and there was no reason for the registrar's refusal to register it. The only holding there was that the registrar, when presented with a valid and proper tax deed, must register it.

The nature of the registrar's duty under the Torrens Act is discussed in the case of *People ex rel. Deneen* v. *Simon,* 176 Ill. 165. In discussing whether sections 47 and 60 of the act conferred judicial power upon the registrar,

this court there held that the provisions of those sections, which authorize the registrar to determine the validity of liens, incumbrances or charges before their registration, do not confer judicial powers upon the registrar, but rather confer *quasi*-judicial duties and powers necessary and incidental to the performance of the ministerial functions of registrars. The substance of that holding is that while the registrar may not adjudicate disputes of title, he must inquire into the existence of certain facts and apply the law thereto, in order to determine what his official conduct shall be.

We find in the case of *Curtis* v. *Haas*, 298 Ill. 485, that the registrar, as a result of his own voluntary and independent search, found and entered upon the land register certain memorials of tax liens and charges, and, in requiring the registrar to expunge these memorials from the register, the court said, at page 489; "A consideration of the act shows clearly that it was the intent of the legislature that no memorial of any charge, lien or claim should be entered by the registrar without due proof before him that the instrument is a proper charge, lien or claim against the land, and that the person presenting the instrument shall make such proof and also that he is the owner of the instrument." To the same effect are the cases of *People* v. *Mortenson*, 404 Ill. 107, and *Altosino* v. *Altosino*, 363 Ill. 437, cited by appellee.

Appellant does not contend that the tax deed is valid, but contends it is the duty of the registrar to accept and register this tax deed regardless of its sufficiency in law. There is no merit to this contention. As shown by the language of this court in the cases above cited, the registrar, under the Torrens Act, is empowered and required to satisfy himself that an instrument offered for registration is a proper one to be registered. He is not under an absolute and unvarying duty to register every document presented to him which purports to affect the title to registered land.

The duty to register such documents arises, if at all, after adequate proof has been made that the one presenting them has at least complied with the provisions of the Torrens Act, under which registration is sought. The appellant here having admitted that it has not complied, justifies, in itself, the refusal of the appellee to register the tax deed. A number of other cases are cited by the appellant as to the effect of the failure to register the tax deed, and it is contended it will lose its right to reimbursement from the owners of the title for expenses incurred in obtaining the tax deed. The statute is cited as to the requirement of recording such a deed within one year after the time for redemption expires. To follow this contention the court would be compelled to have the registrar register a deed which concededly violates the Torrens Act. We find no cases or authority in the statute requiring such action on the part of the court.

Appellant strenuously urges that the registrar, by refusing to register the tax deed, is wrongfully attempting to review the administrative judgment of the county clerk who issued the tax deed. The case of *People ex rel. Harding* v. *Atwater,* 362 Ill. 546, is cited to support this contention. The court in that case held the board of review had no power to review the action of the boards in 1927. The principle derived from that case and others cited has no application here. In those cases there was an attempt by the successor to reach back and undo the act of the predecessor. In the instant case, the registrar goes no further than to refuse to register the tax deed. The deed remains in appellant's hands as valid as when issued, or as invalid. The registrar, in refusing to register the tax deed, is performing only his own duty, and there is no basis whatever for a contention that such performance amounts to a review of the administrative judgment of the county clerk.

It is finally urged by appellant that the portion of section 82 of the Torrens Act, on which appellee based his

refusal to register the tax deed, is unconstitutional for the reason that it amends the Revenue Act without setting forth at length the amended section, as required by section 13 of article IV of the State constitution. The constitutional provision relied upon provides, in part: "and no law shall be revived or amended by reference to its title only, but the law revived, or the section amended, shall be inserted at length in the new act." Appellant then points out that part of section 266 of the Revenue Act, (Ill. Rev. Stat. 1947, chap. 120, par. 747,) which provides, "At any time after the expiration of two years from date of sale of any real estate for taxes or special assessments, if the same shall have not been redeemed, the county clerk, on request, and on the production of the certificate of purchase, and upon compliance with the provisions of sections 263, 264 and 265 of this Act shall execute and deliver to the purchaser, his heirs or assigns, a deed of conveyance for the real estate described in such certificate." And there is pointed out that part of section 82 of the Torrens Act, which provides, in part, "The holder of any certificate of sale of registered land * * * for any tax, * * * shall * * * within one year from the date of any such sale * * *, present the same or a sworn copy thereof to the registrar, who shall thereupon enter on the register of the land a memorial thereof, * * *. The holder of such certificate shall also within the same time mail to each of the persons who appear by the register to have any interest in the land, a notice of the registration of such certificate. Unless such certificate is presented and registered and notice given as herein provided within the time above mentioned, the land shall be forever released from the effect of such sale, and no deed shall be issued in pursuance of such certificate."

Appellant concedes that an act complete and intelligible in itself upon a given subject, may incidentally modify or amend other statutes without violating the cited constitu-

tional provision. (*People* v. *Deatherage,* 401 Ill. 25; *People ex rel. Larson* v. *Thomson,* 381 Ill. 48.) However, appellant contends that parts of the Revenue Act and this portion of section 82 of the Torrens Act are so intertwined that the county clerk cannot tell from the reading of either of them what his duties are with respect to the issuance of tax deeds; that in such case the amending act is invalid under section 13 of article IV of the constitution of 1870. The cases cited by appellant contain some language to this effect. *People ex rel. Clarke* v. *Jarecki,* 363 Ill. 180; *Chicago Motor Club* v. *Kinney,* 329 Ill. 120; *Broder* v. *Krenn,* 334 Ill. 256.

It will be immediately observed however, on examination of the record here, that the controversy is not based upon the county clerk's violation of the Torrens Act but upon appellant's failure to give notice of the registration of its certificate of sale as required by that act. It has been pointed out many times by this court that one who purchases registered land is presumed to know the provisions of the Torrens Act and takes subject to all such provisions. (*People* v. *Mortenson,* 404 Ill. 107; *Eliason* v. *Wilborn,* 335 Ill. 352.) In the *Mortensen case* the petitioner, who had failed to give the notice required by section 82 of the Torrens Act, sought to compel the county clerk to issue a tax deed, and the court, in refusing, pointed out that a tax deed to registered land constitutes only an agreement to transfer title under the Torrens Act, and, in order to effectuate the transfer, the Torrens Act must be complied with by the purchaser. The court there said, page 114, "In fact, there can be no question but that if appellant were to receive a tax deed, the real estate in question and the title thereto would be controlled by the provisions of the Torrens Act, and the appellant would have to comply with that act in order to secure a transfer of the title to himself." That language squarely fits the

situation here, for the appellant in the instant case has obtained the deed and has not complied with section 82 of the Torrens Act. After considering the relation between the Revenue Act and section 82 of the Torrens Act, this court there said: "There is no conflict or inconsistency between the tax law and the Torrens Act. The one provides for the collection of taxes and delivery of a certificate and deed in case of sale; the other the requirements to register the land under the Torrens Act." We are of the opinion this disposes of appellant's contention that section 82 of the Torrens Act is unconstitutional as amending the Revenue Act contrary to section 13 of article IV of the State constitution.

Next, appellant urges that the subject matter of section 82 of the Torrens Act is not embraced in its title as required by section 13 of article IV of the Illinois constitution. We held in the case of *Watt* v. *Cecil,* 368 Ill. 510, "The constitutional provision concerning the title of an act does not require the title to express all the minor divisions of the general subject to which the act relates, or that the title be an abstract, a synopsis or an index of the contents of the act. * * * All matters may be included in the act which are germane to the title and relate to the same general subject." It seems obvious that the issuance and registration of a tax deed is most certainly germane to the subject, "An Act concerning land titles."

From a careful analysis of the contentions made that section 82 of the Torrens Act violates section 22 of article IV and section 2 of article II of the State constitution, in that special privileges and immunities are conferred upon owners of registered land, we are of the opinion there has been no violation or denial of due process of law. The specific complaint is that the Revenue Act requires one thing as to notice which differs from section 82 of the Torrens Act.

We are of the opinion the General Assembly may classify persons for legislative purposes and enact different rules for each class, provided there is a reasonable basis for such classification. Appellant, in this respect, contends there is no reasonable basis for requiring a special notice to owners of registered land. In view of the fact that as to registered land the tax deed is no more than an agreement to transfer title, whereas the tax deed is itself a conveyance as to unregistered land, it is apparent there is ample basis for requiring a special mailed notice in the case of registered land, since the transfer of title cannot take effect except under the Torrens system. This seems a reasonable basis for requiring a notice under the Torrens system. The Torrens system is a complete and separate system of accounting for land titles, and the purchase of the land for taxes was entered into with full knowledge on the part of the appellant that it was so registered. The requirements as to notice contained in section 82 of the Torrens Act are merely additional to those of the Revenue Act, and the effect of such requirements is clearly limited to tax deeds to registered property. As specifically pointed out in *People* v. *Mortenson,* 404 Ill. 107, one purchasing registered land is bound to comply with the Torrens Act if the purchase is to become effective.

In the instant case, the real question is not whether the county clerk properly issued the tax deed, but whether appellant complied with the Torrens Act. The appellant did not make such compliance and the trial court was correct in dismissing the complaint for want of equity. The decree, therefore, is affirmed.

*Decree affirmed.*